IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-MJ-__41__ |
| ZACKEY RAHIMI (01) | |

## CRIMINAL COMPLAINT

**Alleged Offense:**

I, Special Agent J. Radd, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

>On or about January 14, 2021, in the Fort Worth Division of the Northern District of Texas, defendant **ZACKEY RAHIMI**, knowing he was subject to a court order issued in the 324th Judicial District Court of Tarrant County, Texas, on February 5, 2020, cause number 324-675717-20, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, that restrained him from harassing, stalking, or threatening an intimate partner and a child of an intimate partner, and restrained him from engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner and a child of the intimate partner, that by its terms explicitly prohibited the use, attempted use or threatened use of physical force against such intimate partner and a child of such intimate partner that would reasonably be expected to cause bodily injury, and that included a finding that the defendant was a credible threat to the physical safety of the intimate partner and child of the intimate partner, did knowingly possess in and affecting interstate and foreign commerce, a Glock, model 21 Gen 4, .45 caliber pistol, bearing serial number YBX386, and a Century Arms, model C308 Sporter, .308 caliber rifle, bearing serial number C308E32588, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).

Criminal Complaint - Page 1

**Definitions:**

The term "intimate partner" means, "with respect to a person, the spouse of the person, a former spouse of the person, an individual who is a parent of a child of the person, and an individual who cohabitates or has cohabitated with the person." *See* 18 U.S.C. §921(a)(32).

**Offense Elements:**

1. The defendant knowingly possessed a firearm;

2. At the time the defendant possessed the charged firearm, the defendant was subject to an order, issued by a court after a hearing of which the defendant received actual notice and at which the defendant had an opportunity to be heard, which restrained the defendant from harassing, stalking, or threatening an intimate partner of the defendant and the child of the defendant's intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, and included a finding that the defendant represents a credible threat to the physical safety of such intimate partner or child or explicitly prohibited the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

3. At the time of the defendant possessed the charged firearm, the defendant knew he was subject to such an order; and

4. The defendant's possession of the charged firearm was in or affecting interstate or foreign commerce.

**Probable Cause:**

I, Special Agent J. Radd, affiant, under oath, duly state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, assigned to Dallas Field Division, Group II. The statements set forth in this affidavit are true and correct to the best of my knowledge and belief but are not inclusive of all the evidence or information in the case.

1. On or about January 14, 2021, an Arlington Police Department (APD) Detective obtained a Tarrant County Evidentiary Search Warrant for ZACKEY RAHIMI's residence located in Kennedale, Texas. According to the search warrant, RAHIMI had been identified as the suspect for five (5) separate shootings between December 1, 2020, and January 8, 2021.

2. Continuing on January 14, 2021, APD Detectives executed the search warrant at RAHIMI's residence, where RAHIMI's parents and brother also reside. RAHIMI was not present during the search because RAHIMI had already been arrested on an aggravated assault with a deadly weapon charge out of Fort Worth. Detectives identified RAHIMI's room by locating his Texas Department of Public Safety identification card, his Tarrant County Inmate Card, and a court document for cause number 324-675717-20, with RAHIMI's name on it in the top drawer of RAHIMI's dresser. The court document was RAHIMI's copy of the domestic violence protective order described in the alleged offense section of this complaint.

3. During the search of RAHIMI's room, Detectives located a loaded Glock, model 21 Gen 4, .45 caliber pistol, bearing serial number YBX386, on the nightstand, which was loaded with an extended magazine containing twenty-four (24) rounds of .45 caliber ammunition. Additionally, a Century Arms, model C308 Sporter, .308 caliber rifle, bearing serial number C308E32588, loaded with a magazine containing sixteen (16) rounds of .308 caliber ammunition, was recovered in an open box on the floor in RAHIMI's bedroom.

4. On January 15, 2021, I obtained from APD a copy of cause number 324-675717-20, an Agreed Protective Order, issued February 5, 2020, by the 324th Judicial District Court in Tarrant County, Texas. I have attached a copy of this Agreed Protective Order to this complaint as an exhibit. The duration of the Agreed Protective Order stated two (2) years, specifically February 5, 2022. The order identified the applicant and the respondent, RAHIMI, are the biological parents of the same child and thus "intimate partners" as defined by 18 U.S.C. 921 § (a)(32).

5. The Agreed Protective Order states that the court found RAHIMI "has committed family violence" and that RAHIMI "represents a credible threat to the physical safety of the Applicant or other members of the family our household . . . ." Among other things, the Agreed Protective Order restrained RAHIMI from "committing family violence," it restrained him from harassing, stalking, or threatening an intimate partner or the child of an intimate partner, and it restrained him from "possessing a firearm."

6. An ATF Interstate Nexus Expert determined that the seized the Glock, model 21 Gen 4, .45 caliber pistol, bearing serial number YBX386, and the Century Arms, model C308 Sporter, .308 caliber rifle, bearing serial number C308E32588, were manufactured outside the state of Texas and therefore, would have had to move in, and affect interstate commerce and/or foreign commerce to reach the state of Texas.

Based upon the above facts and circumstances, I respectfully submit that there is probable cause to believe that **ZACKEY RAHIMI**, the respondent of an active domestic violence protective order, did knowingly and unlawfully possess a Glock, model 21 Gen 4, .45 caliber pistol, bearing serial number YBX386, and a Century Arms, model C308 Sporter, .308 caliber rifle, bearing serial number C308E32588, in and affecting interstate and/or foreign commerce, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2).

_____
Special Agent J. Radd
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to me, over the telephone or other electronic means, and signed by me pursuant to Fed.R.Crim.4.1 on this ___15th___ day of January, 2021 at _4:04_ p.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

ORIGINAL

NO. 324-675717-20

| | | |
|---|---|---|
| CINTIA MEDINA GARCIA,<br>Applicant | § § § | IN THE DISTRICT COURT |
| VS. | § § | |
| ZACKEY RAHIMI,<br>Respondent | § § § | 324ᵀᴴ JUDICIAL DISTRICT |
| and In The Interest of | § § | |
| A▉▉ R▉▉ R▉▉,<br>A Child | § § § | TARRANT COUNTY, TEXAS |



FILED
TARRANT COUNTY
2020 FEB -5 AM 11:15
DISTRICT CLERK

## AGREED PROTECTIVE ORDER

On the 5ᵗʰ day of February, 2020, came Cintia Medina Garcia, Applicant for a protective order.

**Appearances**

Applicant, Cintia Medina Garcia appeared in person and by Assistant Criminal District Attorney, J.O. Khayan Williams, and announced ready to proceed.

Zackey Rahimi, Respondent appeared in person and by signature below evidencing agreement to the entry of this Protective Order.

**Record of Testimony**

A hearing was not held before Associate Judge Beth Poulos, 324ᵗʰ District Court.

A record of the proceeding was not made by the court reporter in the 324ᵗʰ Associate Judge's court.

**Findings**

The Court finds that Respondent received actual and reasonable notice of the hearing and had an opportunity to participate and to be heard consistent with the right to due process.

The Court, having considered the pleadings and heard the evidence and argument of counsel, finds that all necessary prerequisites of law have been satisfied and the Court has jurisdiction over the parties and subject matter of the cause.

The Court finds that Respondent and Applicant meet a relationship as set forth in §71.0021,

§71.003, §71.005, or §71.006 of the Texas Family Code.

The Court finds that Applicant and Respondent are biological parents of the same child and thus "intimate partners" as defined by 18 U.S.C §921(a)(32).

The Court finds that family violence has occurred and is likely to occur again in the future and that the following orders are in the best interest of Applicant and other members of the family or household who are affected by this suit.

The Court finds that Zackey Rahimi, Respondent, has committed family violence. The Court finds that a protective order for the protection of Cintia Media Garcia should be entered pursuant to Chapter 85, Texas Family Code.

The Court finds that Respondent represents a credible threat to the physical safety of the Applicant or other members of the family or household who are affected by this suit.

The Court finds that Zackey Rahimi, Respondent, has agreed to this order pursuant to §85.005 of the Texas Family Code. The Court finds that a protective order for the protection of Cintia Media Garcia should be entered pursuant to Chapter 85, Texas Family Code.

The Court finds that the terms of this order explicitly prohibit the use, attempted use, or threatened use of physical force against Applicant that would reasonably be expected to cause bodily injury.

## Confidentiality

The Court also finds that the addresses and telephone numbers of the residence of Cintia Media Garcia and the place of employment or business of Cintia Media Garcia should be excluded from this protective order pursuant to §85.007, Texas Family Code, and it is so ORDERED.

## Communication

The Court finds good cause exists to prohibit Respondent from communicating in any manner with Applicant pursuant to §85.022, Texas Family Code, and it is so ORDERED.

## Orders

It is ORDERED that **Zackey Rahimi**, Respondent, is hereby IMMEDIATELY PROHIBITED from:

(1) Committing family violence;
(2) Communicating:
   (A) directly with Cintia Medina Garcia or a member of the family or household of Cintia Medina Garcia, in a threatening or harassing manner;
   (B) a threat through any person to Cintia Medina Garcia or a member of the family or household of Cintia Medina Garcia; and

    (C) in any manner with Cintia Medina Garcia or a member of the family or household of Cintia Medina Garcia;
    (D) Zackey Rahimi may communicate in a non-threatening manner with Cintia Medina Garcia regarding their child A▉ R▉ R▉ Date of Birth: ▉ 2018;
(3) Going to or within 200 yards of the residence or place of employment or business of Cintia Medina Garcia or a member of the family or household of Cintia Medina Garcia;
- **Any residence of Cintia Medina Garcia in Tarrant County, Texas or any other subsequent residence;**
- **Any place of employment or business of Cintia Medina Garcia in Tarrant County, Texas or any other place of employment or business;**

(4) Engaging in conduct directed specifically toward Cintia Medina Garcia or a member of the family or household of Cintia Medina Garcia, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the person;

(5) Possessing a firearm, unless the person is a peace officer, as defined by Section 1.07, Penal Code, actively engaged in employment as a sworn, full-time paid employee of a state agency or political subdivision; and

(6) Harming, threatening, or interfering with the care, custody, or control of a pet, companion animal, or assistance animal, as defined by Section 121.002, Human Resources Code, that is possessed by or is in the actual or constructive care of a person protected by an order or by a member of the family or household of Cintia Medina Garcia.

    It is ORDERED that Respondent is PROHIBITED from going to or within 200 yards of any subsequent residence, place of employment or business, or school of Cintia Media Garcia as shown in Court records.

    It is ORDERED that Respondent's handgun license is immediately suspended and shall remain suspended for the duration of this order. On demand by the appropriate agency, Respondent is ORDERED to surrender his license.

    Respondent is ORDERED to notify the Court of any change in Respondent's residence address, mailing address, home telephone number, name of employer, address of employer, and work telephone number. Respondent is ORDERED to give notice no later than the tenth day after the date Respondent knows of the change. It is ORDERED that all notifications of changes of address shall be in writing and shall be sent to the Clerk of the 324th District Court, Tarrant County Family Law Center, 200 East Weatherford Street, #3000, Fort Worth, Texas 76196-0402.

**Attorney's Fees**

    It is ORDERED that attorney's fees are hereby waived.

**Court Fees and Costs**

    ~~Respondent is ORDERED to pay all costs of court and service fees in the amount of~~

~~$445.00/$528.00 by money order only to the Tarrant County District Clerk, Tarrant County Family Law Center, 200 East Weatherford Street, #3000, Fort Worth, Texas 76196-0402 on or before February 5, 2021.~~

~~Failure to pay these costs and fees on or before February 5, 2021 may be punished as contempt of court as provided by Section 21.002, Government Code, by a fine of not more than $500.00 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail.~~

After receiving said costs and fees the Tarrant County District Clerk is ORDERED to pay the Tarrant County Constable any and all fees for service in this cause.

The requirement of a bond is hereby waived.

**Duration**

This order shall be valid for **TWO YEARS** from the date signed, specifically **FEBRUARY 5, 2022**, unless Respondent is confined or imprisoned on the date this order would expire.

Pursuant to Texas Family Code Section 85.025(c), if a person who is the subject of a protective order Zackey Rahimi is confined or imprisoned on the date the protective order would expire under Subsection (a) or (a-1), or if the protective order would expire not later than the first anniversary of the date the Respondent is released form confinement or imprisonment, the period for which the order is effected is extended, and the order expires on (1) the first anniversary of the date the person is released from confinement of imprisonment, if the person was sentenced to confinement or imprisonment for more than five years; or (2) the second anniversary of the date the person is released from confinement or imprisonment, if the person was sentenced to confinement or imprisonment for five years or less.

**Notification by the Clerk of the Court**

The clerk of the court is ORDERED to send a copy of this order to the law enforcement agency having jurisdiction in the city or county where Cintia Media Garcia resides or has a place of employment or business or school.

The clerk of the court is ORDERED to send a copy of this order to the Tarrant County Sheriff's Department.

The clerk of the court is ORDERED to send a copy of this order suspending the handgun license of Zackey Rahimi to the Handgun Licensing Unit, Department of Public Safety, P.O. Box 4143, Austin, Texas 78765-4143. On receipt of this order suspending the license, the Department shall record the suspension of the license in the records of the Department; report the suspension to local law enforcement, as appropriate; and demand surrender of the suspended license from the license holder.

Service

The Protective Order was served personally on the Respondent in open court.

## WARNINGS
## TEXAS FAMILY CODE, SECTION 85.26

A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED BY CONTEMPT OF COURT BY A FINE OF AS MUCH AS $500.00 OR BY CONFINEMENT IN JAIL FOR AS LONG AS SIX MONTHS, OR BOTH.

NO PERSON, INCLUDING A PERSON WHO IS PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.

IT IS UNLAWFUL FOR ANY PERSON, OTHER THAN A PEACE OFFICER, AS DEFINED BY SECTION 1.07, PENAL CODE, ACTIVELY ENGAGED IN EMPLOYMENT AS A SWORN, FULL-TIME PAID EMPLOYEE OF A STATE AGENCY OR POLITICAL SUBDIVISION, WHO IS SUBJECT TO A PROTECTIVE ORDER TO POSSESS A FIREARM OR AMMUNITION.

A VIOLATION OF THIS ORDER BY COMMISSION OF AN ACT PROHIBITED BY THE ORDER MAY BE PUNISHABLE BY A FINE OF AS MUCH AS $4,000.00 OR BY CONFINEMENT IN JAIL FOR AS LONG AS ONE YEAR, OR BOTH. AN ACT THAT RESULTS IN FAMILY VIOLENCE MAY BE PROSECUTED AS A SEPARATE MISDEMEANOR OR FELONY OFFENSE. IF THE ACT IS PROSECUTED AS A SEPARATE FELONY OFFENSE, IT IS PUNISHABLE BY CONFINEMENT IN PRISON FOR AT LEAST TWO YEARS.

## OTHER WARNINGS

POSSESSION, TRANSPORTATION, OR RECEIPT OF A FIREARM OR AMMUNITION WHILE THIS PROTECTIVE ORDER IS IN EFFECT MAY BE A FELONY UNDER FEDERAL LAW PUNISHABLE BY UP TO TEN YEARS IN PRISON AND/OR A $250,000 FINE. 18 U.S.C. §§ 922(g) and 924(a)(2).

INTERSTATE VIOLATION OF THIS PROTECTIVE ORDER MAY SUBJECT RESPONDENT TO FEDERAL CRIMINAL PENALTIES. 18 U.S.C. §§2261, 2261A, and 2262.

THIS PROTECTIVE ORDER IS ENFORCEABLE IN ALL 50 STATES, THE DISTRICT OF COLUMBIA, TRIBAL LANDS, AND U.S. TERRITORIES.

**IT IS UNLAWFUL FOR ANY PERSON WHO IS SUBJECT TO A PROTECTIVE ORDER TO KNOWINGLY PURCHASE, RENT, LEASE, OR RECEIVE AS A LOAN OR GIFT FROM ANOTHER A HANDGUN WHILE THIS PROTECTIVE ORDER IS IN EFFECT. SECTION 46.06(a)(6), TEXAS PENAL CODE.**

SIGNED this  5  day of  February , 2020.

_____
JUDGE PRESIDING

_____
ASSOCIATE JUDGE
DATE: February 5, 2020
TIME: 10:58 AM

ORDER PREPARED BY:

SHAREN WILSON
CRIMINAL DISTRICT ATTORNEY

_____
J. O. KHAYAN WILLIAMS
Assistant Criminal District Attorney
State Bar No. 24004990
khayanwilliams@tarrantcountytx.gov
WILLIAM T. HIGGINS V
Assistant Criminal District Attorney
State Bar No. 00790879
WTHiggins@tarrantcountytx.gov
CYNTHIA L. GUSTAFSON
Assistant Criminal District Attorney
State Bar No. 24055603
clgustafson@tarrantcountytx.gov
MARVINA N. ROBINSON
Assistant Criminal District Attorney
State Bar No. 24029541

AGREED PROTECTIVE ORDER
Page 6 of 7

mnrobinson@tarrantcountytx.gov
200 E. Weatherford Street, #3040
Fort Worth, Texas 76196
Phone: 817/884-1623
Fax: 817/212-7393
ATTORNEYS FOR APPLICANT

AGREED TO AND APPROVED AS TO FORM AND CONTENT:

_____     _____
Cintia Media Garcia                                          Zackey Rahimi
APPLICANT                                                     RESPONDENT


Zackey Rahimi, Respondent
Current address: ▓▓▓ Mountain View Lane, Kennedale, Texas, 76060

**RECEIPT ACKNOWLEDGED**

    I, Zackey Rahimi, received a copy of this protective order in open court at the close of the hearing in this matter.

_____
Zackey Rahimi
RESPONDENT
Date: 2/5/2020

    I, J. Albright 1415 _____, bailiff in the 324th Associate Judge's Court, delivered a copy of this protective order to Zackey Rahimi on this the 5th day of February, 2020 at the direction of the Associate Judge.

_____
BAILIFF

**AGREED PROTECTIVE ORDER**
Page 7 of 7