**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **No. 4:21-cr-00083-P** |
| | § | |
| **ZACKEY RAHIMI (01).** | § | |

## ORDER

Before the Court is Defendant Zackey Rahimi's Motion to Dismiss Indictment Under FED. R. CR. P.12 (b)(3)(B). ECF No. 17. Having considered Rahimi's Motion to Dismiss Indictment ("Motion"), the Government's Response, briefing, and applicable law, the Court finds that Rahimi's Motion to Dismiss Indictment should be and is hereby **DENIED.**

18 U.S.C. § 922(g)(8) restricts an individual's access to firearms and ammunition if that individual is subject to a specific court order. The court order prevents that individual from engaging in conduct that would place an intimate partner or child in fear of bodily injury. 18 U.S.C. § 922(g)(8). Defendant asserts that 18 U.S.C. § 922(g)(8) is a facially unconstitutional restriction on a person's Second Amendment right to bear arms. Motion at 1. Defendant contends that either by a means-ends or by a historical-traditional analysis, the restrictions placed on the Second Amendment are unconstitutional. *Id*. at 2. Defendant concedes that his argument is currently foreclosed in this jurisdiction by *United States v. McGinnis*, 956 F.3d 747 (5th Cir. 2020). *Id*. at 1.

In *McGinnis*, the Fifth Circuit determined that 18 U.S.C. § 922(g)(8) is not facially unconstitutional. 956 F.3d at 751. The Fifth Circuit has adopted a two-step approach to

analyze laws that might impact the Second Amendment. *Id*. at 753. *First*, the court asks whether the conduct at issue falls within the scope of the Second Amendment right. *Id*. *Second*, if the law falls within the scope of the Second Amendment, what level of scrutiny should be applied. *Id*. In *McGinnis*, the Fifth Circuit did not address the first issue but instead concluded the appropriate level of scrutiny to judge the statute was intermediate scrutiny, which the statute passed. *Id*. at 756. The Fifth Circuit reasoned that while the Second Amendment, at its core, protects law-abiding, responsible citizens' right to possess firearms, those subject to court orders described in 18 U.S.C. § 922(g)(8) are not considered "responsible citizens" protected by the core of the Second Amendment. *Id*. at 757. The court held that intermediate scrutiny applied because the core of the Second Amendment was not targeted. *Id*.

Intermediate scrutiny asks whether there is a reasonable fit between the law and an important government objective. *Id*. at 758. The Fifth Circuit found that the goal of reducing domestic gun abuse is a compelling government interest and that the statute was reasonably adapted to that interest. *Id*. The court ruled that the statute already rests on an established link between domestic abuse and gun violence, and the prohibition was only temporarily placed on those found to have posed a threat of future abuse to their partner or child. *Id*. After surviving intermediate scrutiny, the Fifth Circuit held that the statute did not facially violate the Second Amendment. *Id*. at 759.

Both parties agree that *McGinnis* controls this dispute. Motion at 1; Response at 1, ECF No. 19. Furthermore, both parties agree that *McGinnis* forecloses the arguments within Defendant's Motion to Dismiss Indictment. Motion at 1; Response at 1. Because

this Court is bound by the Fifth Circuit's precedence in *McGinnis* and because both parties accept the arguments made within Defendant's Motion to Dismiss Indictment are foreclosed, the Court finds that Rahimi's Motion to Dismiss Indictment should be and is hereby **DENIED.**

      **SO ORDERED** on this **3rd day** of **June, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3