IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:21-CR-083-P |
| ZACKEY RAHIMI (01) | |

**GOVERNMENT'S UNOPPOSED MOTION
FOR PRELIMINARY ORDER OF FORFEITURE**

The government respectfully asks the Court for a preliminary forfeiture order, and in support states:

**I. BACKGROUND**

1.   Count One of the indictment charged the defendant Zackey Rahimi, with violations of 18 U.S.C. § 922(g)(8) and 924(a)(2) and notified the defendant that upon conviction, the government will seek to forfeit any firearm and ammunition involved in or used in the knowing commission of the offense, including but not limited to, a Glock, model 21 Gen 4, .45 caliber pistol, bearing serial number YBX386; a Century Arms, model C308 Sporter, .308 caliber rifle, bearing serial number C308E32588; and a Zastava PAP M92 PV, 762 caliber pistol, bearing serial number M92PV060567, including any ammunition, magazines, and/or accessories recovered with the firearms ("the property"). *See* Indictment (Dkt. 3).

2.   Zackey Rahimi pled guilty to Count One and described in a factual resume how the property was involved in the offense. *See* Factual Resume (Dkt. 23).

## II. AUTHORITIES

3.     The court's jurisdiction is based on 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

4.     Pursuant to 18 U.S.C. § 924(d), any firearm or ammunition involved or used in a knowing violation of 18 U.S.C. § 922(g)(8) and 924(a)(2) may be civilly forfeited, and 28 U.S.C. § 2461(c) makes criminal forfeiture possible where a criminal law has been violated and civil forfeiture is authorized in connection with the offense.

## III. ARGUMENT

5.     Based upon Zackey Rahimi's guilty plea and factual resume, the government has established the requisite nexus between the property and the violations charged in the information. Accordingly, the property is subject to forfeiture to the government.

6.     Pursuant to Fed. R. Crim. P. 32.2(b), if there is a finding property is subject to forfeiture, the court shall promptly enter a preliminary order of forfeiture directing the forfeiture of that property without regard to any third party's interest in all or part of the forfeited property. Third party interests are adjudicated in the ancillary proceeding under Rule 32.2(c).

7.     Upon entry of the preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(3), the Attorney General will post notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days which describes the property with reasonable particularity; states the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no

later than 60 days after the first day of publication on an official internet government forfeiture site]; and provides contact information for the government attorney to be served with the petition on Asset Recovery Unit, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242.  This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

8.      The government will also send, by means reasonably calculated to reach the person, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property in ancillary proceedings.

## IV. RELIEF

9.      Therefore, the government respectfully asks the Court to enter an order preliminarily forfeiting the property to the government and authorizing the Attorney General (or its designee) to seize and maintain custody of the property, subject to the provisions of 21 U.S.C. § 853(n).

Respectfully submitted,

PRERAK SHAH
ACTING UNITED STATES ATTORNEY

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
Texas State Bar No. 24062396
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone: 817-252-5213
Facsimile: 817-252-5455
Email: frank,gatto@usdoj.gov

## CERTIFICATE OF CONFERENCE

I certify that on August 30, 2021, I conferred with opposing counsel via email and opposing counsel indicated she was unopposed to the relief sought in this motion.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a Notice of Electronic Filing to the following party who has, presumably, consented in writing to accept this Notice as service of this document by electronic means: Rachel M. Taft, counsel for defendant.

*s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney