IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No.: 4:21-CR-83-P |
| | § | |
| ZACKEY RAHIMI | § | |

### Defendant's Request for Adjustment for Time Served While Awaiting Sentencing

TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:

COMES NOW, ZACKEY RAHIMI, Defendant, by and through his counsel, Assistant Federal Public Defender, Rachel M. Taft, submits the following *Request for Adjustment for Time Served While Awaiting Sentencing*.

Mr. Rahimi was taken into federal custody on April 19, 2021, pursuant to a writ of habeas corpus ad prosequendum (PSR ¶ 4). On the date of sentencing, September 23, 2021, Mr. Rahimi will have been in federal custody for 157 days, or 5 months and 4 days. The guidelines recommend that the sentence in this case run concurrently to the anticipated sentences for the related state cases constituting relevant conduct. U.S.S.G. § 5G1.3 Application Note 3. Because Mr. Rahimi is in primary state custody, even if he receives a concurrent sentence from this Court, he would not receive credit towards his federal sentence for the time he has spent in federal custody awaiting sentencing.

A federal sentence only commences "on the date the defendant is received in federal custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A concurrent sentence commences on the date of its imposition; not on the

date of commencement of prior sentence, or some earlier date. A sentence cannot be ordered to commence at a date prior to its imposition." *See* Sadowksi, Henry, Regional Counsel, Northeast Region, Federal Bureau of Prisons, *Interaction of Federal and State Sentences When the Federal Defendant is Under State Primary Jurisdiction*, at 2, available at http://www.bop.gov/resources/pdfs/ifss.pdf (last accessed July 22, 2021) (citing cases). Further, a defendant will only get credit for time spent in pretrial custody "*that has not been credited against another sentence.*" 18 U.S.C. § 3585(b) (emphasis added); *see United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear that a defendant could not receive a double credit for his detention time"). "There are some limited exceptions, but the general rule is no credit is afforded towards a federal sentence if credit has been given for the same period of custody towards a state sentence." Sadowski at 3.

For this reason, U.S.S.G. § 5G1.3(b)(1) recommends the district court "adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment." The court should "note on the judgment . . . the amount of time by which the sentence is being adjusted." U.S.S.G. § 5G1.3, comment. (n. (2)(C)); *see also United States v. Taylor*, 973 F.3d 414, 419 (5th Cir. 2020) ("If the district court intended to award Taylor credit for the time he served in federal custody prior to being sentenced, that court should have reduced his sentence accordingly and noted the reason for the reduction in the judgment.")

Here, Mr. Rahimi has served just over 5 months in federal custody but is not receiving federal credit for this time because he has been in primary state custody. Consequently, regardless of the sentence this Court intends to impose, Mr. Rahimi respectfully requests that the Court reduce the numerical sentence on the judgment by 5 months pursuant to U.S.S.G. § 5G1.3(b). In the alternative, Mr. Rahimi requests the Court state in the judgment that it is its intention for the

sentence to last no longer than as if it had begun on April 19, 2021, and hereby adjusts the sentence by such number as is necessary to achieve that result.

        Respectfully submitted,

        JASON D. HAWKINS
        Federal Public Defender
        Northern District of Texas

        /s/ Rachel M. Taft
        RACHEL M. TAFT
        Assistant Federal Public Defender
        Texas State Bar No.: 24097171
        819 Taylor St., Room 9A10
        Fort Worth, TX 76102
        Phone: (817) 978-2753
        Fax: (817) 978-2757
        Email: rachel_taft@fd.org

### CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following who have consented in writing to accept this notice as service of this document by electronic means: Assistant U.S. Attorney Frank Gatto.

        /s/ Rachel M. Taft
        RACHEL M. TAFT
        Assistant Federal Public Defender