```
1              IN THE UNITED STATES DISTRICT COURT

2             FOR THE NORTHERN DISTRICT OF TEXAS

3                     FORT WORTH DIVISION

4   UNITED STATES OF AMERICA    )    CASE NO. 4:21-CR-00107-P
                                )
5                               )    FORT WORTH, TEXAS
    vs.                         )
6                               )    MAY 26, 2021
    ALEXANDER GALARZA           )    9:30 A.M.
7
    ------------------------------------------------------------
8
    UNITED STATES OF AMERICA    )    CASE NO. 4:21-CR-00032-P
9                               )
                                )    FORT WORTH, TEXAS
10  vs.                         )
                                )    MAY 26, 2021
11  RAMIRO AGUILAR-CASTANEDA    )    9:30 A.M.

12  ------------------------------------------------------------

13  UNITED STATES OF AMERICA    )    CASE NO. 4:21-CR-00083-P
                                )
14                              )    FORT WORTH, TEXAS
    vs.                         )
15                              )    MAY 26, 2021
    ZACKEY RAHIMI               )    9:30 A.M.
16
    ------------------------------------------------------------
17
    UNITED STATES OF AMERICA    )    CASE NO. 4:21-CR-00086-P
18                              )
                                )    FORT WORTH, TEXAS
19  vs.                         )
                                )    MAY 26, 2021
20  CARLOS TORIANNA ALEXANDER   )    9:30 A.M.

21  ------------------------------------------------------------

22  UNITED STATES OF AMERICA    )    CASE NO. 4:21-CR-00094-Y
                                )
23                              )    FORT WORTH, TEXAS
    vs.                         )
24                              )    MAY 26, 2021
    JOSE MANUEL MIRAMONTES      )    9:30 A.M.
25
    ------------------------------------------------------------
```

```
1    UNITED STATES OF AMERICA      )    CASE NO. 4:21-CR-00125-Y
                                   )
2                                  )    FORT WORTH, TEXAS
     vs.                           )
3                                  )    MAY 26, 2021
     BROSNON MARQUIS ASHTON        )    9:30 A.M.
4
     ------------------------------------------------------------
5
     UNITED STATES OF AMERICA      )    CASE NO. 4:21-CR-00126-O
6                                  )
                                   )    FORT WORTH, TEXAS
7    vs.                           )
                                   )    MAY 26, 2021
8    IVORY MINOR                   )    9:30 A.M.

9    ------------------------------------------------------------

10                          VOLUME 1
       TRANSCRIPT OF GUILTY PLEA AT ARRAIGNMENT/RE-ARRAIGNMENT
11            BEFORE THE HONORABLE JEFFREY L. CURETON
                UNITED STATES MAGISTRATE COURT JUDGE
12

13   A P P E A R A N C E S:

14   FOR THE GOVERNMENT:     SHAWN SMITH
                             UNITED STATES DEPARTMENT OF JUSTICE
15                           NORTHERN DISTRICT OF TEXAS
                             801 Cherry Street, Suite 1700
16                           Fort Worth, Texas  76102-6882
                             Telephone:  817.252.5200
17
     FOR THE DEFENDANT:      PHILLIP LINDER
18   ALEXANDER GALARZA       Barrett Bright Lassiter Linder
                             3300 Oak Lawn
19                           Suite 700
                             Dallas, Texas  75219
20                           Telephone:  214.252.9900

21   FOR THE DEFENDANT:      KARA CARRERAS
     RAMIRO AGUILAR-         Carreras Law Group
22   CASTANEDA               2120 Mistletoe
                             Suite 3
23                           Fort Worth, Texas  76110
                             Telephone:  817.795.9956

24

25
```

```
 1
       FOR THE DEFENDANT:        RACHEL MAUREEN TAFT
 2     ZACKEY RAHIMI             ASSISTANT FEDERAL PUBLIC DEFENDER
                                 NORTHERN DISTRICT OF TEXAS
 3                               819 Taylor Street, Room 9A10
                                 Fort Worth, Texas  76102
 4                               Telephone:  817.978.2753

 5     FOR THE DEFENDANT:        JAMES G. GRAHAM
       CARLOS ALEXANDER          Law Office of James G. Graham, PC
 6                               5601 Bridge Street
                                 Suite 300
 7                               Fort Worth, Texas  76112
                                 Telephone:  817.586.4349
 8
       FOR THE DEFENDANT:        NICK DAVIS
 9     JOSE MIRAMONTES           Law Office of Nick G. Davis, PLLC
                                 115 North Henderson
10                               Fort Worth, Texas  76102
                                 Telephone:  817.720.5656
11
       FOR THE DEFENDANT:        RODERICK C. WHITE
12     BROSNON ASHTON            Law Offices of Roderick C. White
                                 316 Hemphill Street
13                               Fort Worth, Texas  76104
                                 Telephone:  817.335.1585
14
       FOR THE DEFENDANT:        DOUGLAS C. GREENE, SR.
15     IVORY MINOR               Greene Law Firm
                                 1309-B W. Abram Street
16                               Suite 200
                                 Arlington, Texas  76013
17                               Telephone:  817.622.8806

18

19     THE INTERPRETER:          YOVANA GONZALEZ

20     COURT REPORTER:           MONICA WILLENBURG GUZMAN, CSR, RPR
                                 501 W. 10th Street, Room 310
21                               Fort Worth, Texas  76102
                                 Telephone:  817.850.6681
22                               E-Mail: mguzman.csr@yahoo.com

23

24     Proceedings reported by mechanical stenography, transcript
       produced by computer.
25
```

1                             **<u>INDEX</u>**

2                                           PAGE   VOL.

3

4    Appearances ................................5      1

5

6    Defendants Admonished ......................11     1

7

8    Guilty Pleas ...............................50     1

9

10   Court's Findings ...........................57     1

11

12   Proceedings Adjourned ......................60     1

13

14   Reporter's Certificate .....................61     1

15

16

17

18

19

20

21

22

23

24

25

<pre>
 1                      P R O C E E D I N G S

 2                   (May 26, 2021, 9:30 a.m.)

 3          THE COURT:  All right.  We have several matters that

 4     are set for guilty plea.  We've spread throughout the

 5     courtroom.  As I call your name, please let me know where you

 6     are in the courtroom.

 7               We'll start with Cause Number 4:21-CR-107, United

 8     States vs. Alexander Galarza.

 9               MR. LINDER:  Yes, Your Honor.  Phillip Linder.

10               THE COURT:  Thank you.

11               I've got Mr. Shawn Smith present for the Government

12     in all cases this morning.

13               And then Mr. Linder has indicated for the defendant.

14               4:21-CR-32, United States vs. Ramiro

15     Aguilar-Castaneda.  And Ms. Kara Carreras is present for the

16     defense.

17               4:21-CR-83, United States vs. Zackey Rahimi.  And

18     Ms. Rachel Taft is present for the defense.

19               Cause Number 4:21-CR-86, United States vs. Carlos

20     Alexander.  And Mr. James Graham is present for the defense.

21               4:21-CR-94, United States vs. Jose Miramontes.  And

22     Mr. Nick Davis is present for the defense.

23               4:21-CR-125, United States vs. Brosnon Ashton.  And

24     Mr. Roderick White is present for the defense.

25               And finally, 4:21-CR-126, United States vs. Ivory
</pre>

1    Minor.  And Mr. Doug Greene is present for the defense.

2             So, that's a lot of cases we're going to do.  We're

3    going to do them at one time, so that we don't take the whole

4    day and take each individual plea.  But for us to do that, I

5    need the cooperation of everyone to listen closely as we go

6    through.  If at any point you need to talk to your counsel,

7    please let me know and I'll pause so that you and your counsel

8    can have a discussion.

9             You are free to wear the mask, obviously, during

10   this time.  You're also free to lower the mask, to the extent

11   you feel safe in doing so, if it will help you to be heard and

12   understood by my court reporter and I.

13            Those of you who are near a microphone, if you'll

14   take effort to speak towards that microphone that will help.

15   Those of you over here to my left, where there's not a

16   microphone close by, if you would speak up in an extra loud

17   voice, that will help tremendously.  It's a big courtroom and

18   voices tend to kind of fade.

19            All right.  I've called those cases for guilty plea.

20   I need to have each defendant placed under oath for this

21   proceeding.  Would each defendant please stand for a moment.

22   I'm going to ask you to raise your right hand, to the best of

23   your ability, and be sworn by my clerk.

24                    *(Seven defendants sworn)*

25            *THE COURT:*  Everybody speak nice and loud.  Thank

```
1   you very much.  You may be seated.
2              I'm going to have the record reflect that each of
3   you answered in the affirmative.  I'm going to ask you to
4   state your full name for the record; that's first, middle and
5   last name.
6              We'll begin with Mr. Galarza.
7              DEFENDANT GALARZA:  Alexander Galarza.
8              THE COURT:  No middle name, sir?
9              DEFENDANT GALARZA:  No.
10             THE COURT:  Thank you.
11             Mr. Aguilar-Castaneda?
12             DEFENDANT AGUILAR:  Ramiro Aguilar-Castaneda.
13             THE COURT:  And do you primarily go by the last name
14  Aguilar?
15             DEFENDANT AGUILAR:  Yes, sir.
16             THE COURT:  Very well.
17             Mr. Rahimi?
18             DEFENDANT RAHIMI:  Zackey Rahimi.
19             THE COURT:  And no middle name for you, sir?
20             DEFENDANT RAHIMI:  No, sir.
21             THE COURT:  Thank you.
22             Mr. Alexander?
23             DEFENDANT ALEXANDER:  Carlos Torianna Alexander.
24             THE COURT:  Very good.
25             Mr. Miramontes?
```

```
 1              DEFENDANT MIRAMONTES:  Jose Manuel Miramontes.

 2              THE COURT:  Mr. Ashton?

 3              DEFENDANT ASHTON:  Brosnon Marquis Ashton.

 4              THE COURT:  And Mr. Minor?

 5              DEFENDANT MINOR:  Ivory Jerome Minor.

 6              THE COURT:  Jerome is the middle name, sir?

 7              DEFENDANT MINOR:  Yes, sir.

 8              THE COURT:  Thank you.

 9              Is your name spelled correctly in the indictment or

10     the information that has been filed in your case?

11              Mr. Galarza?

12              DEFENDANT GALARZA:  Yes, sir.

13              THE COURT:  Mr. Aguilar?

14              DEFENDANT AGUILAR:  Yes, sir.

15              THE COURT:  Mr. Rahimi?

16              DEFENDANT RAHIMI:  Yes, sir.

17              THE COURT:  Mr. Alexander?

18              DEFENDANT ALEXANDER:  Yes, Your Honor.

19              THE COURT:  Mr. Miramontes?

20              DEFENDANT MIRAMONTES:  Yes, Your Honor.

21              THE COURT:  Mr. Ashton?

22              DEFENDANT ASHTON:  Yes, sir.

23              THE COURT:  And Mr. Minor?

24              DEFENDANT MINOR:  Yes, sir.

25              THE COURT:  Do each of you understand that you are
```

```
1    now under oath, and if you answer any of the Court's questions
2    falsely, your answers could later be used against you in
3    prosecution for perjury or for making a false statement?
4            Do you understand, Mr. Galarza?
5            DEFENDANT GALARZA:  Yes, sir.
6            THE COURT:  Mr. Aguilar?
7            DEFENDANT AGUILAR:  Yes, sir.
8            THE COURT:  Mr. Rahimi?
9            DEFENDANT RAHIMI:  Yes, sir.
10           THE COURT:  Mr. Alexander?
11           DEFENDANT ALEXANDER:  Yes, Your Honor.
12           THE COURT:  Mr. Miramontes?
13           DEFENDANT MIRAMONTES:  Yes, Your Honor.
14           THE COURT:  Mr. Ashton?
15           DEFENDANT ASHTON:  Yes, sir.
16           THE COURT:  And Mr. Minor?
17           DEFENDANT MINOR:  Yes, sir.
18           THE COURT:  I understand that Mr. Aguilar requires
19   the assistance of a Spanish-speaking interpreter.  And I'll
20   note that Ms. Yovana Gonzalez has been sworn as the court
21   interpreter and is providing that service.
22           Are you able to understand the proceeding through
23   the court interpreter, Mr. Aguilar?
24           DEFENDANT AGUILAR:  Yes, sir.
25           THE COURT:  Very well.
```

1           To all defendants, do you understand that I am

2    conducting this hearing rather than the District Judge in your

3    case based upon your consent.  However, it's the District

4    Judge who retains all final decision-making authority over

5    your plea.  And it's the District Judge who will conduct any

6    sentencing in your case.

7           Do you understand, Mr. Galarza?

8           *DEFENDANT GALARZA:*  Yes, sir.

9           *THE COURT:*  Mr. Aguilar?

10          *DEFENDANT AGUILAR:*  Yes, sir.

11          *THE COURT:*  Mr. Rahimi?

12          *DEFENDANT RAHIMI:*  Yes, sir.

13          *THE COURT:*  Mr. Alexander?

14          *DEFENDANT ALEXANDER:*  Yes, Your Honor.

15          *THE COURT:*  Mr. Miramontes?

16          *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

17          *THE COURT:*  Mr. Ashton?

18          *DEFENDANT ASHTON:*  Yes, sir.

19          *THE COURT:*  And Mr. Minor?

20          *DEFENDANT MINOR:*  Yes, sir.

21          *THE COURT:*  Now, in each case I have been provided

22   documents entitled Consent to Administration of Guilty Plea

23   and Allocution by United States Magistrate Judge, and these

24   consent forms appear to be signed by each defendant and his

25   counsel.

1          Is it your signature on your consent form,

2     Mr. Galarza?

3          *DEFENDANT GALARZA:*  Yes, sir.

4          *THE COURT:*  Mr. Aguilar?

5          *DEFENDANT AGUILAR:*  Yes, sir.

6          *THE COURT:*  Mr. Rahimi?

7          *DEFENDANT RAHIMI:*  Yes, sir.

8          *THE COURT:*  Mr. Alexander?

9          *DEFENDANT ALEXANDER:*  Yes, Your Honor.

10         *THE COURT:*  Mr. Miramontes?

11         *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

12         *THE COURT:*  Mr. Ashton?

13         *DEFENDANT ASHTON:*  Yes, sir.

14         *THE COURT:*  And Mr. Minor?

15         *DEFENDANT MINOR:*  Yes, sir.

16         *THE COURT:*  Then I find that each of you have

17    knowingly and voluntarily waived your right to enter your

18    guilty plea before the District Judge and you have consented

19    to proceed before me in that plea today.  And I'm signing an

20    order to that effect in each of your cases.

21         Let me give you some general instructions.  You may,

22    if you choose, plead not guilty to any offense that's charged

23    against you or persist in that plea if it's already been made.

24         And if you plead not guilty, the Constitution of the

25    United States guarantees you the following rights:  You have

1    the right to a speedy and public jury trial in this District.

2    You have the right at such a trial for you to confront; that

3    is, to see, hear and cross-examine all witnesses against you.

4    You have the right to use the power and the process of this

5    Court to compel the production of any evidence, including the

6    attendance of any witnesses on your behalf.

7            You have the right to have the assistance of an

8    attorney at all stages of the proceeding.  If you could not

9    afford an attorney, an attorney will be appointed for you, as

10   has been done in many of these cases.

11           At such a trial, you could not be compelled to

12   testify.  And whether you would testify would be a matter in

13   which your judgment alone would control.  At such a trial, the

14   United States would be required to prove your guilt beyond a

15   reasonable doubt; and if you were found guilty, you would have

16   the right to appeal that conviction.

17           Do each of you understand that you have and are

18   guaranteed each of those constitutional rights?

19           Mr. Galarza?

20           *DEFENDANT GALARZA:*  Yes, sir.

21           *THE COURT:*  Mr. Aguilar?

22           *DEFENDANT AGUILAR:*  Yes, sir.

23           *THE COURT:*  Mr. Rahimi?

24           *DEFENDANT RAHIMI:*  Yes, sir.

25           *THE COURT:*  Mr. Alexander?

1      *DEFENDANT ALEXANDER:*  Yes, Your Honor.

2      *THE COURT:*  Mr. Miramontes?

3      *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

4      *THE COURT:*  Mr. Ashton?

5      *DEFENDANT ASHTON:*  Yes, sir.

6      *THE COURT:*  And Mr. Minor?

7      *DEFENDANT MINOR:*  Yes, sir.

8      *THE COURT:*  On the other hand, if you plead guilty

9  and if that guilty plea is accepted by the Court, there will

10  not be a further trial of any kind.  So, by pleading guilty,

11  you waive your right to a trial, as well as all those rights

12  associated with a trial as we just discussed.

13      Do you understand that, Mr. Galarza?

14      *DEFENDANT GALARZA:*  Yes, sir.

15      *THE COURT:*  Mr. Aguilar?

16      *DEFENDANT AGUILAR:*  Yes, sir.

17      *THE COURT:*  Mr. Rahimi?

18      *DEFENDANT RAHIMI:*  Yes, sir.

19      *THE COURT:*  Mr. Alexander?

20      *DEFENDANT ALEXANDER:*  Yes, Your Honor.

21      *THE COURT:*  Mr. Miramontes?

22      *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

23      *THE COURT:*  Mr. Ashton?

24      *DEFENDANT ASHTON:*  Yes, sir.

25      *THE COURT:*  And Mr. Minor?

1          *DEFENDANT MINOR:*  Yes, sir.

2          *THE COURT:*  Generally a defendant who is accused of

3    a crime cannot plead guilty unless he is actually guilty of

4    that crime.  In Federal court, it's the Judge who determines

5    the penalty when a defendant is convicted, whether that

6    conviction is on the basis of a jury verdict or upon a plea of

7    guilty.

8          The Court has not and will not talk to anyone about

9    the facts of your case except here in your presence where you

10   and your attorney and representatives of the Government are

11   all present.  However, if a guilty verdict is entered, a

12   presentence report will be prepared, and the Court may review

13   that report with probation officers outside of your presence.

14         If you plead guilty, you will be convicted.

15   However, you and your attorney each will be given an

16   opportunity to present to the Court any pleas for leniency.

17   The penalty will be decided based upon the facts heard in

18   court.  You should never depend or rely upon any promise or

19   statement by anyone, whether connected with law enforcement or

20   the Government or anyone else, as to what penalty will be

21   assessed against you.

22         Should you decide to plead guilty, your plea of

23   guilty must not be induced or prompted by any promises,

24   pressure, threats, force or coercion of any kind.  A plea of

25   guilty must be purely voluntary and you should plead guilty

1    only because you are guilty and for no other reason.

2              Do each of you understand all of the explanations

3    I've given with regard to the process and the consequences of

4    pleading guilty?

5              Mr. Galarza?

6              *DEFENDANT GALARZA:*  Yes, sir.

7              *THE COURT:*  Mr. Aguilar?

8              *DEFENDANT AGUILAR:*  Yes, sir.

9              *THE COURT:*  Mr. Rahimi?

10             *DEFENDANT RAHIMI:*  Yes, sir.

11             *THE COURT:*  Mr. Alexander?

12             *DEFENDANT ALEXANDER:*  Yes, Your Honor.

13             *THE COURT:*  Mr. Miramontes?

14             *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

15             *THE COURT:*  Mr. Ashton?

16             *DEFENDANT ASHTON:*  Yes, sir.

17             *THE COURT:*  And Mr. Minor?

18             *DEFENDANT MINOR:*  Yes, sir.

19             *THE COURT:*  Under the Sentencing Reform Act of 1984

20    as it has been construed by the Supreme Court, the United

21    States Sentencing Commission has issued advisory guidelines

22    for judges to consider in determining the sentence in a

23    criminal case.

24             Have each of you discussed with your attorney the

25    charges against you, the matter of Federal sentencing and how

1    those sentencing guidelines might apply in your case?

2           Have you done so, Mr. Galarza?

3           *DEFENDANT GALARZA:*  Yes, sir.

4           *THE COURT:*  Mr. Aguilar?

5           *DEFENDANT AGUILAR:*  Yes, sir.

6           *THE COURT:*  Mr. Rahimi?

7           *DEFENDANT RAHIMI:*  Yes, sir.

8           *THE COURT:*  Mr. Alexander?

9           *DEFENDANT ALEXANDER:*  Yes, Your Honor.

10          *THE COURT:*  Mr. Miramontes?

11          *DEFENDANT MIRAMONTES:*  Yes, sir.

12          *THE COURT:*  Mr. Ashton?

13          *DEFENDANT ASHTON:*  Yes, sir.

14          *THE COURT:*  And Mr. Minor?

15          *DEFENDANT MINOR:*  Yes, sir.

16          *THE COURT:*  Even so, I must inform you that in

17   determining a sentence, it is the Court's obligation to

18   calculate the applicable sentencing guideline range and to

19   consider that range along with any possible departures under

20   those guidelines, and any other sentencing factors under 18

21   U.S.C., Section 3553(a).

22          The Court is not bound by facts that may be

23   stipulated between you and your attorney on the one hand and

24   the Government on the other.  The Court can impose punishment

25   that might disregard stipulated facts or take into account

1  facts that are not mentioned in stipulations.  In that event,

2  you might not even be permitted to withdraw your plea of

3  guilty.

4       The Court will not be able to determine the proper

5  guideline range for your case until after that presentence

6  report has been completed and both you and the Government have

7  had an opportunity to challenge the facts and the conclusions

8  that are in that report.

9       After the Court has determined the proper guideline

10 range under the specific facts of your case, the Court then

11 has the authority to impose a sentence that is above, below or

12 within that guideline range, as long as the sentence imposed

13 is reasonable and it's based upon the facts and the law.

14      You have the right to appeal the sentence the Court

15 imposes, unless you waive that right.  And under some

16 circumstances, the Government also has the right to appeal.

17      Finally, I inform you that within our Federal system

18 parole has been abolished, so that if you are sentenced to

19 imprisonment, you will not be released on Federal parole.

20      Have each of you understood all of the explanations

21 I've given with regard to Federal sentencing?

22      Mr. Galarza?

23      *DEFENDANT GALARZA:*  Yes, sir.

24      *THE COURT:*  Mr. Aguilar?

25      *DEFENDANT AGUILAR:*  Yes, sir.

```
1              THE COURT:  Mr. Rahimi?
2              DEFENDANT RAHIMI:  Yes, sir.
3              THE COURT:  Mr. Alexander?
4              DEFENDANT ALEXANDER:  Yes, Your Honor.
5              THE COURT:  Mr. Miramontes?
6              DEFENDANT MIRAMONTES:  Yes, Your Honor.
7              THE COURT:  Mr. Ashton?
8              DEFENDANT ASHTON:  Yes, sir.
9              THE COURT:  And Mr. Minor?
10             DEFENDANT MINOR:  Yes, sir.
11             THE COURT:  All right.  Let me ask you some more
12    individual questions at this time.
13             First, we'll start with how old are you?
14             Mr. Galarza?
15             DEFENDANT GALARZA:  19.
16             THE COURT:  Nineteen?
17             DEFENDANT GALARZA:  (Nods head)
18             THE COURT:  Thank you.
19             Mr. Aguilar?
20             DEFENDANT AGUILAR:  28.
21             THE COURT:  Mr. Rahimi?
22             DEFENDANT RAHIMI:  (Unintelligible)
23                 (Court Reporter requests clarification)
24             THE COURT:  21 you said?
25             DEFENDANT RAHIMI:  21.
```

1          *THE COURT:*  Thank you.

2          Mr. Alexander?

3          *DEFENDANT ALEXANDER:*  24.

4          *THE COURT:*  Mr. Miramontes?

5          *DEFENDANT MIRAMONTES:*  31.

6          *THE COURT:*  Mr. Ashton?

7          *DEFENDANT ASHTON:*  29.

8          *THE COURT:*  Mr. Minor?

9          *DEFENDANT MINOR:*  41.

10         *THE COURT:*  How far did each of you go in school?

11         Mr. Galarza?

12         *DEFENDANT GALARZA:*  I graduated high school, Your

13  Honor.

14         *THE COURT:*  Thank you.

15         Mr. Aguilar?

16         *DEFENDANT AGUILAR:*  I didn't finish second series,

17  sir, maybe got to the tenth grade.

18         *THE COURT:*  All right.  Thank you.

19         Mr. Rahimi?

20         *DEFENDANT RAHIMI:*  Graduated, sir.

21         *THE COURT:*  High school graduate, thank you.

22         Mr. Alexander?

23         *DEFENDANT ALEXANDER:*  GED.

24         *THE COURT:*  Mr. Miramontes?

25         *DEFENDANT MIRAMONTES:*  High school diploma.

```
1                    THE COURT:  Thank you.

2               Mr. Ashton?

3               DEFENDANT ASHTON:  High school graduate.

4               THE COURT:  Mr. Minor?

5               DEFENDANT MINOR:  GED.

6               THE COURT:  Are you currently, or within the last

7    six months, have you been under the care of a physician or a

8    psychiatrist?

9               Mr. Galarza?

10              DEFENDANT GALARZA:  No, sir.

11              THE COURT:  Mr. Aguilar?

12              DEFENDANT AGUILAR:  No, sir.

13              THE COURT:  Mr. Rahimi?

14              DEFENDANT RAHIMI:  No, sir.

15              THE COURT:  Mr. Alexander?

16              DEFENDANT ALEXANDER:  No, Your Honor.

17              THE COURT:  Mr. Miramontes?

18              DEFENDANT MIRAMONTES:  No, sir.

19              THE COURT:  Mr. Ashton?

20              DEFENDANT ASHTON:  No, sir.

21              THE COURT:  Mr. Minor?

22              DEFENDANT MINOR:  No, sir.

23              THE COURT:  Have any of you been recently

24   hospitalized or treated for narcotics addiction or alcoholism?

25              Mr. Galarza?
```

```
1              DEFENDANT GALARZA:  No, sir.
2              THE COURT:  Mr. Aguilar?
3              DEFENDANT AGUILAR:  No, sir.
4              THE COURT:  Mr. Rahimi?
5              DEFENDANT RAHIMI:  No, sir.
6              THE COURT:  Mr. Alexander?
7              DEFENDANT ALEXANDER:  No, Your Honor.
8              THE COURT:  Mr. Miramontes?
9              DEFENDANT MIRAMONTES:  No, Your Honor.
10             THE COURT:  Mr. Ashton?
11             DEFENDANT ASHTON:  No, sir.
12             THE COURT:  Mr. Minor?
13             DEFENDANT MINOR:  No, sir.
14             THE COURT:  Are you now under the influence of
15    alcohol or any narcotic drug?
16             Mr. Galarza?
17             DEFENDANT GALARZA:  No, sir.
18             THE COURT:  Mr. Aguilar?
19             DEFENDANT AGUILAR:  No, sir.
20             THE COURT:  Mr. Rahimi?
21             DEFENDANT RAHIMI:  No, sir.
22             THE COURT:  Mr. Alexander?
23             DEFENDANT ALEXANDER:  No, Your Honor.
24             THE COURT:  Mr. Miramontes?
25             DEFENDANT MIRAMONTES:  No, Your Honor.
```

1            *THE COURT:*  Mr. Ashton?

2            *DEFENDANT ASHTON:*  No, sir.

3            *THE COURT:*  Mr. Minor?

4            *DEFENDANT MINOR:*  No, sir.

5            *THE COURT:*  Do any of you suffer from any emotional

6    or mental disability?

7            Mr. Galarza?

8            *DEFENDANT GALARZA:*  No, sir.

9            *THE COURT:*  Mr. Aguilar?

10           *DEFENDANT AGUILAR:*  No, sir.

11           *THE COURT:*  Mr. Rahimi?

12           *DEFENDANT RAHIMI:*  No, sir.

13           *THE COURT:*  Mr. Alexander?

14           *DEFENDANT ALEXANDER:*  No, Your Honor.

15           *THE COURT:*  Mr. Miramontes?

16           *DEFENDANT MIRAMONTES:*  No, Your Honor.

17           *THE COURT:*  Mr. Ashton?

18           *DEFENDANT ASHTON:*  No, sir.

19           *THE COURT:*  Mr. Minor?

20           *DEFENDANT MINOR:*  No, sir.

21           *THE COURT:*  Are you of sound mind and do you fully

22   understand what we're doing here this morning?

23           Mr. Galarza?

24           *DEFENDANT GALARZA:*  Yes, sir.

25           *THE COURT:*  Mr. Aguilar?

| | |
|---|---|
| 1 | *DEFENDANT AGUILAR:*  Yes, sir. |
| 2 | *THE COURT:*  Mr. Rahimi? |
| 3 | *DEFENDANT RAHIMI:*  Yes, sir. |
| 4 | *THE COURT:*  Mr. Alexander? |
| 5 | *DEFENDANT ALEXANDER:*  Yes, Your Honor. |
| 6 | *THE COURT:*  Mr. Miramontes? |
| 7 | *DEFENDANT MIRAMONTES:*  Yes, Your Honor. |
| 8 | *THE COURT:*  Mr. Ashton? |
| 9 | *DEFENDANT ASHTON:*  Yes, sir. |
| 10 | *THE COURT:*  And Mr. Minor? |
| 11 | *DEFENDANT MINOR:*  Yes, sir. |
| 12 | *THE COURT:*  To defense counsel, do you have any |
| 13 | reason to believe your client is not fully competent to enter |
| 14 | a plea of guilty? |
| 15 | Mr. Linder? |
| 16 | *MR. LINDER:*  No, sir. |
| 17 | *THE COURT:*  Ms. Carreras? |
| 18 | *MS. CARRERAS:*  I do not, Your Honor. |
| 19 | *THE COURT:*  Ms. Taft? |
| 20 | *MS. TAFT:*  No, Your Honor. |
| 21 | *THE COURT:*  Mr. Graham? |
| 22 | *MR. GRAHAM:*  No, Your Honor. |
| 23 | *THE COURT:*  Mr. Davis? |
| 24 | *MR. DAVIS:*  No, Your Honor. |
| 25 | *THE COURT:*  Mr. White? |

1      *MR. WHITE:*  No, Your Honor.

2      *THE COURT:*  Mr. Greene?

3      *MR. GREENE:*  No, Your Honor.

4      *THE COURT:*  And do each of you believe that the

5  guilty plea that your client proposes to make will be a

6  knowing and voluntary plea?

7      Mr. Linder?

8      *MR. LINDER:*  Yes, sir.

9      *THE COURT:*  Ms. Carreras?

10     *MS. CARRERAS:*  Yes, Your Honor.

11     *THE COURT:*  Ms. Taft?

12     *MS. TAFT:*  Yes, Your Honor.

13     *THE COURT:*  Mr. Graham?

14     *MR. GRAHAM:*  Yes, sir.

15     *THE COURT:*  Mr. Davis?

16     *MR. DAVIS:*  Your Honor, I would request to admonish

17  my client on the record in regards to a pending case out of

18  Wise County.

19     *THE COURT:*  Okay.  Wait, how does that bear on the

20  question about whether it will be a knowing and voluntary

21  plea?

22     *MR. DAVIS:*  Subsequent to him signing the plea form,

23  I spoke to his lawyer on that case and I need to make sure

24  that my client is aware the likelihood of a consecutive

25  sentence from this case if he's sentenced on that case.

25

1          *THE COURT:*  Okay.  And let me ask you,
2    Mr. Miramontes, what your attorney has just told the Court,
3    y'all had that discussion as well?
4          *DEFENDANT MIRAMONTES:*  Yes, Your Honor.
5          *THE COURT:*  And you understand that that could be a
6    possibility with your state case?
7          *DEFENDANT MIRAMONTES:*  Yes, sir.
8          *THE COURT:*  Are you knowingly and voluntarily
9    proposing to enter a plea of guilty in this case?
10         *DEFENDANT MIRAMONTES:*  Yes, Your Honor.
11         *THE COURT:*  Even knowing that that's a possibility
12   with your state case?
13         *DEFENDANT MIRAMONTES:*  Yes, Your Honor.
14         *THE COURT:*  Okay.  Fair enough.  Thank you,
15   Mr. Davis.
16         *MR. DAVIS:*  Nothing further.
17         *THE COURT:*  And how about for you, Mr. White, do you
18   believe that the guilty plea your client proposes to make will
19   be knowing and voluntary?
20         *MR. WHITE:*  Yes, Your Honor.
21         *THE COURT:*  Very well.
22         Mr. Greene?
23         *MR. GREENE:*  Yes, sir.
24         *THE COURT:*  All right.  Now, Mr. Galarza, Mr. Ashton
25   and Mr. Minor are all pleading pursuant to informations.  So,

1   I need to go over that process with those defendants for just

2   a moment.  Each of you are charged with a felony offense, and

3   under the United States Constitution, you may not be charged

4   with a felony unless a grand jury finds by the return of an

5   indictment that there's probable cause to believe that the

6   felony occurred and that you committed it.

7          However, you may waive your right to indictment by

8   the grand jury and consent to being charged by way of an

9   information filed by the United States Attorney's office.  The

10  felony charges against Mr. Galarza, Mr. Ashton and Mr. Minor

11  have been brought before this Court today by the filing of

12  just such an information.  It is a one-count information in

13  each of those cases.

14         If you do not waive indictment and the Government

15  wishes to pursue this charge against you, then the Government

16  must present its case to a grand jury and request the return

17  of an indictment on this charge.

18         A grand jury is composed of at least 16, but not

19  more than 23, persons, and at least 12 grand jurors must find

20  that there's probable cause to believe you committed the

21  offense with which you're charged before you would be

22  indicted.  So, a grand jury might or it might not indict you

23  on this charge.  But if you waive indictment by the grand

24  jury, the case will proceed against you based on the

25  information filed by the U.S. Attorney just as though you've

1    been indicted.

2            So, let me ask each of you, have you discussed with

3    your attorney the matter of waiving your right to indictment

4    by the grand jury and do you fully understand that right?

5            Mr. Galarza?

6            *DEFENDANT GALARZA:*  Yes, sir.

7            *THE COURT:*  Mr. Ashton?

8            *DEFENDANT ASHTON:*  Yes, sir.

9            *THE COURT:*  Mr. Minor?

10           *DEFENDANT MINOR:*  Yes, sir.

11           *THE COURT:*  Have any threats or promises been made

12   in an effort to induce to you waive indictment?

13           Mr. Galarza?

14           *DEFENDANT GALARZA:*  No, sir.

15           *THE COURT:*  Mr. Ashton?

16           *DEFENDANT ASHTON:*  No, sir.

17           *THE COURT:*  Mr. Minor?

18           *DEFENDANT MINOR:*  No, sir.

19           *THE COURT:*  Is it your signature that appears on the

20   written waiver of indictment that I've been provided this

21   morning in your case?

22           Mr. Galarza?

23           *DEFENDANT GALARZA:*  Yes, sir.

24           *THE COURT:*  Mr. Ashton?

25           *DEFENDANT ASHTON:*  Yes, sir.

```
1              THE COURT:  Mr. Minor?

2              DEFENDANT MINOR:  Yes, sir.

3              THE COURT:  To those defense counsel, do you have

4    any reason or do you know of any reason why your client should

5    not waive indictment by the grand jury?

6              Mr. Linder?

7              MR. LINDER:  No, sir.

8              THE COURT:  Mr. White?

9              MR. WHITE:  No, Your Honor.

10             THE COURT:  Mr. Greene?

11             MR. GREENE:  No, Your Honor.

12             THE COURT:  And I assume such waiver is consistent

13   with your advice?

14             Mr. Linder?

15             MR. LINDER:  Yes, sir.

16             THE COURT:  Mr. White?

17             MR. WHITE:  Yes, Your Honor.

18             THE COURT:  And Mr. Greene?

19             MR. GREENE:  Yes, it is, Your Honor.

20             THE COURT:  All right.  Then I will accept each of

21   the waivers of indictment from those defendants and find that

22   such waivers have been knowingly and voluntarily made.  I will

23   sign each waiver to the extent that there's space for that

24   signature, and I will order the filing of each of these

25   waivers with the other papers in your case.
```

1        All right.  Have you received a copy of that

2   information, Mr. Galarza?

3        *DEFENDANT GALARZA:*  Yes, sir.

4        *THE COURT:*  Have you received a copy of your

5   indictment, Mr. Aguilar?

6        *DEFENDANT AGUILAR:*  Yes, sir.

7        *THE COURT:*  Mr. Rahimi?

8        *DEFENDANT RAHIMI:*  Yes, sir.

9        *THE COURT:*  Mr. Alexander?

10       *DEFENDANT ALEXANDER:*  Yes, Your Honor.

11       *THE COURT:*  Mr. Miramontes?

12       *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

13       *THE COURT:*  And have you received your information,

14  Mr. Ashton?

15       *DEFENDANT ASHTON:*  Yes, sir.

16       *THE COURT:*  And yours, Mr. Minor?

17       *DEFENDANT MINOR:*  Yes, sir.

18       *THE COURT:*  I ask all defendants, have you read or

19  had read to you the charges against you, and do you fully

20  understand the nature of those charges?

21       Mr. Galarza?

22       *DEFENDANT GALARZA:*  Yes, sir.

23       *THE COURT:*  Mr. Aguilar?

24       *DEFENDANT AGUILAR:*  Yes, sir.

25       *THE COURT:*  Mr. Rahimi?

1          *DEFENDANT RAHIMI:*  Yes, sir.

2          *THE COURT:*  Mr. Alexander?

3          *DEFENDANT ALEXANDER:*  Yes, Your Honor.

4          *THE COURT:*  Mr. Miramontes?

5          *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

6          *THE COURT:*  Mr. Ashton?

7          *DEFENDANT ASHTON:*  Yes, sir.

8          *THE COURT:*  And Mr. Minor?

9          *DEFENDANT MINOR:*  Yes, sir.

10          *THE COURT:*  So, it will be appropriate at this stage

11   of the proceedings for the United States Attorney to read each

12   of the charges to which you propose to plead guilty here in

13   open court and into the record.  However, because each of you

14   have told me you fully understand the charges against you, I

15   will allow you, as a timesaving matter, to waive the reading

16   of your charges here in court.

17          Do you wish to waive that reading, Mr. Galarza?

18          *DEFENDANT GALARZA:*  Yes, sir.

19          *THE COURT:*  Mr. Aguilar?

20          *DEFENDANT AGUILAR:*  Yes, sir.

21          *THE COURT:*  Mr. Rahimi?

22          *DEFENDANT RAHIMI:*  Yes, Your Honor.

23          *THE COURT:*  Mr. Alexander?

24          *DEFENDANT ALEXANDER:*  Yes, Your Honor.

25          *THE COURT:*  Mr. Miramontes?

1          *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

2          *THE COURT:*  Mr. Ashton?

3          *DEFENDANT ASHTON:*  Yes, sir.

4          *THE COURT:*  Mr. Minor?

5          *DEFENDANT MINOR:*  Yes, sir.

6          *THE COURT:*  I will not require the charges to be

7    read in each case.

8          You also have the right to have explained to you

9    what's called the essential elements of the offense to which

10   you're pleading.  This is what the Government will be required

11   to prove at your trial.  These are set forth in a factual

12   resume that we're going to talk about a little bit later if

13   you want to look on.

14         But I'm going to call upon Mr. Smith for the U.S.

15   Attorney's office to now set forth the essential elements in

16   each case.  Please listen carefully as yours is called.

17         And, Mr. Smith, you may group these as appropriate

18   for timesaving.

19         *MR. SMITH:*  For defendants Galarza, Ashton and

20   Minor, the elements are the same, except for the amounts --

21         *THE COURT:*  All right.  I think that will be

22   sufficient.

23         *MR. SMITH:*  -- and drugs and drug type.

24         So, for each one of those, the first three elements

25   are the same and are as follows:  First, that two or more

1    persons directly or indirectly reached an agreement to

2    distribute or possess with intent to distribute a controlled

3    substance, as charged in the information.

4            Second, that the defendant knew of the unlawful

5    purpose of the agreement.

6            Third, the defendant joined in the agreement

7    willfully, that is, with the intent to further its unlawful

8    purpose.

9            For Mr. Galarza only, Fourth, that the overall scope

10   of the conspiracy involved at least 50 grams of a mixture or

11   substance containing a detectable amount of methamphetamine, a

12   Schedule II controlled substance.

13           And Fifth, the defendant knew or reasonably should

14   have known that the scope of the conspiracy involved at least

15   50 grams or more of a mixture or substance containing a

16   detectable amount of methamphetamine, a Schedule II controlled

17   substance.

18           For Mr. Ashton and Mr. Minor, the third and fourth

19   elements are the same -- I'm sorry, the fourth and fifth are

20   the same, and they are as follows:  Fourth, that the overall

21   scope of the conspiracy involved at least 40 grams of a

22   mixture and substance containing a detectable amount of

23   fentanyl, a Schedule II controlled substance.

24           And Fifth, that the defendant knew or reasonably

25   should have known that the scope of the conspiracy involved at

1   least 50 grams of a mixture and substance containing a

2   detectable amount of fentanyl, a Schedule II controlled

3   substance.

4        *THE COURT:*  Let me ask those defendants, do you

5   understand and admit that you committed all of the essential

6   elements of the charge against you?

7        Mr. Galarza?

8        *DEFENDANT GALARZA:*  Yes, sir.

9        *THE COURT:*  Mr. Ashton?

10        *DEFENDANT ASHTON:*  Yes, sir.

11        *THE COURT:*  Mr. Minor?

12        *DEFENDANT MINOR:*  Yes, sir.

13        *MR. SMITH:*  Now, for Mr. Miramontes and

14   Mr. Alexander, the elements are the same, except for the drug

15   type.

16        For both:  First, the defendant knowingly possessed

17   a controlled substance.

18        For Mr. Miramontes:  Second, the defendant -- that

19   the substance was, in fact, a mixture or substance containing

20   a detectable amount of cocaine.

21        For Mr. Alexander:  Second, the substance was, in

22   fact, methamphetamine.

23        And Third, for both defendants, the defendant

24   possessed the substance with the intent to distribute it.

25        *THE COURT:*  And let me ask those defendants, do you

1    understand and admit that you committed all of the essential

2    elements of the offense against you?

3              Mr. Alexander?

4              *DEFENDANT ALEXANDER:*  Yes, sir.

5              *THE COURT:*  Mr. Miramontes?

6              *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

7              *MR. SMITH:*  For Mr. Aguilar-Castaneda:  First, that

8    there was an agreement between two or more persons to commit

9    money laundering, a violation of 18 U.S.C., Section

10   1956(a)(1)(B)(i).

11             Second, that the defendant joined the agreement

12   knowing its purpose and with the intent to further the illegal

13   purpose.

14             *THE COURT:*  Mr. Aguilar, do you understand and admit

15   that you committed all of the essential elements of that

16   offense?

17             *DEFENDANT AGUILAR:*  Yes, sir.

18             *THE COURT:*  And finally as to Mr. Rahimi.

19             *MR. SMITH:*  First, the defendant knowingly possessed

20   the firearms as charged.

21             Second, at the time the defendant possessed the

22   charged firearms, the defendant was subject to an order issued

23   by a court after a hearing of which the defendant received

24   actual notice and at which the defendant had an opportunity to

25   be heard, which restrained the defendant from harassing,

1    stalking or threatening an intimate partner of the defendant

2    and the child of the defendant's intimate partner, or engaging

3    in other conduct that would place an intimate partner in

4    reasonable fear of bodily injury to the partner or child, and

5    including a finding that the defendant represents a credible

6    threat to the physical safety of such intimate partner or

7    child or explicitly prohibited the use, attempted use, or

8    threatened use of physical force against such intimate partner

9    or child that would reasonably be expected to cause bodily

10   injury.

11           Third, at the time the defendant possessed the

12   charged firearms, the defendant knew he was subject to such an

13   order.

14           And Fourth, the possession of the charged firearms

15   affected interstate or foreign commerce; that is, before the

16   defendant possessed the charged firearms, it had traveled at

17   some time from one state to another or between any part of the

18   United States and any other country.

19           *THE COURT:*  And Mr. Rahimi, do you understand and

20   admit that you committed all of the essential elements of that

21   offense?

22           *DEFENDANT RAHIMI:*  Yes, sir.

23           *THE COURT:*  To all defendants, you are appearing

24   here today with your attorney.  And you have indicated to me

25   that you have discussed with your attorney the charges against

1    you, the matter of Federal sentencing and how those sentencing

2    guidelines might apply in your case.

3              Are each of you fully satisfied with the legal

4    representation and advice that you received from your

5    attorney?

6               Mr. Galarza?

7              *DEFENDANT GALARZA:*  Yes, sir.

8              *THE COURT:*  Mr. Aguilar?

9              *DEFENDANT AGUILAR:*  Yes, sir.

10             *THE COURT:*  Mr. Rahimi?

11             *DEFENDANT RAHIMI:*  Yes, sir.

12             *THE COURT:*  Mr. Alexander?

13             *DEFENDANT ALEXANDER:*  Yes, Your Honor.

14             *THE COURT:*  Mr. Miramontes?

15             *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

16             *THE COURT:*  Mr. Ashton?

17             *DEFENDANT ASHTON:*  Yes, Your Honor.

18             *THE COURT:*  Mr. Minor?

19             *DEFENDANT MINOR:*  Yes, sir.

20             *THE COURT:*  Now, there are plea agreements before

21   the Court in all but Mr. Rahimi's case.  So, I need to go over

22   some documents with all the other defendants for a moment.

23             I have been presented with written plea documents in

24   each case.  Plea Agreement with Waiver of Appeal for Mr.

25   Galarza, Mr. Alexander, Mr. Miramontes, Mr. Ashton.

1              Plea Agreement Pursuant to Federal Rule of Criminal

2    Procedure 11(c)(1)(C) with waiver of appeal for Mr. Aguilar.

3              And then Plea Agreement with Appellate Rights Waiver

4    is the title of yours, Mr. Minor.

5              I do not see any supplements -- plea agreement

6    supplements in the cases.  So, when I refer to your plea

7    agreement or your plea document, that is the document I'm

8    referring to in these questions as we go forward.

9              *MR. SMITH:*  I think there's a supplement, actually,

10   with Mr. Ashton, Your Honor.

11             *THE COURT:*  Oh, is there?  Hold on just a moment.  I

12   apologize.

13             There sure is.  Thank you.  It was paper-clipped and

14   I did not see that.  So, Mr. Ashton, when I refer to your plea

15   documents, I'm including the waiver as well as part of your

16   plea agreement, okay?

17             *DEFENDANT ASHTON:*  Yes, sir.

18             *THE COURT:*  Okay.  Thank you.

19             First of all, these plea documents appear to be

20   signed by each defendant and his counsel.

21             Is it your signature on your plea agreement,

22   Mr. Galarza?

23             *DEFENDANT GALARZA:*  Yes, sir.

24             *THE COURT:*  Mr. Aguilar?

25             *DEFENDANT AGUILAR:*  Yes, sir.

1      *THE COURT:*  Mr. Alexander?

2      *DEFENDANT ALEXANDER:*  Yes, Your Honor.

3      *THE COURT:*  Mr. Miramontes?

4      *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

5      *THE COURT:*  Mr. Ashton?

6      *DEFENDANT ASHTON:*  Yes, Your Honor.

7      *THE COURT:*  And Mr. Minor?

8      *DEFENDANT MINOR:*  Yes, sir.

9      *THE COURT:*  Have each of you read or had read to you

10     your plea agreement and any supplement, and do you fully

11     understand all of your plea documents?

12     Mr. Galarza?

13     *DEFENDANT GALARZA:*  Yes, sir.

14     *THE COURT:*  Mr. Aguilar?

15     *DEFENDANT AGUILAR:*  Yes, sir.

16     *THE COURT:*  Mr. Alexander?

17     *DEFENDANT ALEXANDER:*  Yes, Your Honor.

18     *THE COURT:*  Mr. Miramontes?

19     *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

20     *THE COURT:*  Mr. Ashton?

21     *DEFENDANT ASHTON:*  Yes, Your Honor.

22     *THE COURT:*  And Mr. Minor.

23     *DEFENDANT MINOR:*  Yes, sir.

24     *THE COURT:*  By placing your signatures upon your

25     plea documents, are you asking the Court to accept and approve

1   your agreement with the Government?

2           Mr. Galarza?

3           *DEFENDANT GALARZA:*  Yes, sir.

4           *THE COURT:*  Mr. Aguilar?

5           *DEFENDANT AGUILAR:*  Yes, sir.

6           *THE COURT:*  Mr. Alexander?

7           *DEFENDANT ALEXANDER:*  Yes, Your Honor.

8           *THE COURT:*  Mr. Miramontes?

9           *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

10          *THE COURT:*  Mr. Ashton?

11          *DEFENDANT ASHTON:*  Yes, Your Honor.

12          *THE COURT:*  And Mr. Minor?

13          *DEFENDANT MINOR:*  Yes, sir.

14          *THE COURT:*  Now, as indicated, each plea agreement

15  does have a waiver of appeal paragraph.

16          Paragraph 10 in Mr. Galarza's and Mr. Aguilar's plea

17  agreement.

18          It's paragraph 12 for Mr. Miramontes and Mr. Ashton.

19          Paragraph 11 in yours, Mr. Minor.

20          And paragraph 13 for you, Mr. Alexander.

21          I just want to make sure I direct your attention to

22  that specific paragraph of your plea agreement to confirm, did

23  you actually read and fully understand the waiver of appeal

24  paragraph and did you discuss it with your attorney?

25          Mr. Galarza?

1          *DEFENDANT GALARZA:*  Yes, sir.

2          *THE COURT:*  Mr. Aguilar?

3          *DEFENDANT AGUILAR:*  Yes, sir.

4          *THE COURT:*  Mr. Alexander?

5          *DEFENDANT ALEXANDER:*  Yes, Your Honor.

6          *THE COURT:*  Mr. Miramontes?

7          *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

8          *THE COURT:*  Mr. Ashton?

9          *DEFENDANT ASHTON:*  Yes, Your Honor.

10         *THE COURT:*  And Mr. Minor?

11         *DEFENDANT MINOR:*  Yes, sir.

12         *THE COURT:*  Do each of you knowingly and voluntarily

13    waive your right to appeal as set forth in that paragraph of

14    your plea agreement?

15         Mr. Galarza?

16         *DEFENDANT GALARZA:*  Yes, Your Honor.

17         *THE COURT:*  Mr. Aguilar?

18         *DEFENDANT AGUILAR:*  Yes, sir.

19         *THE COURT:*  Mr. Alexander?

20         *DEFENDANT ALEXANDER:*  Yes, Your Honor.

21         *THE COURT:*  Mr. Miramontes?

22         *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

23         *THE COURT:*  Mr. Ashton?

24         *DEFENDANT ASHTON:*  Yes, Your Honor.

25         *THE COURT:*  And Mr. Minor?

1              *DEFENDANT MINOR:*  Yes, sir.

2              *THE COURT:*  Are all of the terms of your agreement

3    with the Government set forth in your written plea documents?

4               Mr. Galarza?

5              *DEFENDANT GALARZA:*  Yes, sir.

6              *THE COURT:*  Mr. Aguilar?

7              *DEFENDANT AGUILAR:*  Yes, sir.

8              *THE COURT:*  Mr. Alexander?

9              *DEFENDANT ALEXANDER:*  Yes, Your Honor.

10              *THE COURT:*  Mr. Miramontes?

11              *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

12              *THE COURT:*  Mr. Ashton?

13              *DEFENDANT ASHTON:*  Yes, Your Honor.

14              *THE COURT:*  And Mr. Minor?

15              *DEFENDANT MINOR:*  Yes, sir.

16              *THE COURT:*  Did you voluntarily and of your own free

17    will enter into this agreement with the Government?

18               Mr. Galarza?

19              *DEFENDANT GALARZA:*  Yes, sir.

20              *THE COURT:*  Mr. Aguilar?

21              *DEFENDANT AGUILAR:*  Yes, sir.

22              *THE COURT:*  Mr. Alexander?

23              *DEFENDANT ALEXANDER:*  Yes, Your Honor.

24              *THE COURT:*  Mr. Miramontes?

25              *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

1          *THE COURT:*  Mr. Ashton?

2          *DEFENDANT ASHTON:*  Yes, Your Honor.

3          *THE COURT:*  And Mr. Minor?

4          *DEFENDANT MINOR:*  Yes, sir.

5          *THE COURT:*  Other than the written plea agreement,

6    has anyone made any promise or assurance to you of any kind in

7    an effort to induce you to enter a plea of guilty in your

8    case?

9          Mr. Galarza?

10          *DEFENDANT GALARZA:*  No, sir.

11          *THE COURT:*  Mr. Aguilar?

12          *DEFENDANT AGUILAR:*  No, sir.

13          *THE COURT:*  Mr. Alexander?

14          *DEFENDANT ALEXANDER:*  No, Your Honor.

15          *THE COURT:*  Mr. Miramontes?

16          *DEFENDANT MIRAMONTES:*  No, Your Honor.

17          *THE COURT:*  Mr. Ashton?

18          *DEFENDANT ASHTON:*  No, sir.

19          *THE COURT:*  Or Mr. Minor?

20          *DEFENDANT MINOR:*  No, sir.

21          *THE COURT:*  Mr. Rahimi, I need to ask you, has

22    anyone made any promise or assurance to you of any kind in an

23    effort to induce you to enter a plea of guilty in your case?

24          *DEFENDANT RAHIMI:*  No, sir.

25          *THE COURT:*  All right.  So, I'm going to order the

1   filing of each of the plea agreements in those cases, to the

2   extent they're not already on file.

3         Let me ask all defendants, has anyone mentally,

4   physically or in any other way attempted to force you to plead

5   guilty in your case?

6         Mr. Galarza?

7         *DEFENDANT GALARZA:*  No, sir.

8         *THE COURT:*  Mr. Aguilar?

9         *DEFENDANT AGUILAR:*  No, sir.

10         *THE COURT:*  Mr. Rahimi?

11         *DEFENDANT RAHIMI:*  No, sir.

12         *THE COURT:*  Mr. Alexander?

13         *DEFENDANT ALEXANDER:*  No, Your Honor.

14         *THE COURT:*  Mr. Miramontes?

15         *DEFENDANT MIRAMONTES:*  No, Your Honor.

16         *THE COURT:*  Mr. Ashton?

17         *DEFENDANT ASHTON:*  No, sir.

18         *THE COURT:*  Mr. Minor?

19         *DEFENDANT MINOR:*  No, sir.

20         *THE COURT:*  Are you a citizen of the United States,

21   Mr. Galarza?

22         *DEFENDANT GALARZA:*  Yes, sir.

23         *THE COURT:*  Mr. Aguilar?

24         *DEFENDANT AGUILAR:*  Yes, sir.

25         *THE COURT:*  Mr. Rahimi?

1    *DEFENDANT RAHIMI:*  Yes, sir.

2    *THE COURT:*  Mr. Alexander?

3    *DEFENDANT ALEXANDER:*  Yes, Your Honor.

4    *THE COURT:*  Mr. Miramontes?

5    *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

6    *THE COURT:*  Mr. Ashton?

7    *DEFENDANT ASHTON:*  Yes, Your Honor.

8    *THE COURT:*  And Mr. Minor?

9    *DEFENDANT MINOR:*  Yes, sir.

10   *THE COURT:*  All right.  Well, as citizens, I need to

11   inform each of you that the offense to which you're pleading

12   guilty is a felony and conviction of a felony may deprive you

13   of valuable rights of your citizenship.  Such as the right to

14   vote, to ever hold public office or to serve on a jury, to

15   ever possess any kind of firearm and other valuable rights.

16        Do you understand that consequence, Mr. Galarza?

17   *DEFENDANT GALARZA:*  Yes, sir.

18   *THE COURT:*  Mr. Aguilar?

19   *DEFENDANT AGUILAR:*  Yes, sir.

20   *THE COURT:*  Mr. Rahimi?

21   *DEFENDANT RAHIMI:*  Yes, sir.

22   *THE COURT:*  Mr. Alexander?

23   *DEFENDANT ALEXANDER:*  Yes, Your Honor.

24   *THE COURT:*  Mr. Miramontes?

25   *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

1          *THE COURT:*  Mr. Ashton?

2          *DEFENDANT ASHTON:*  Yes, Your Honor.

3          *THE COURT:*  And Mr. Minor?

4          *DEFENDANT MINOR:*  Yes, sir.

5          *THE COURT:*  I'm going to now call upon Mr. Smith

6    with the U.S. Attorney's office to set forth the potential

7    penalties and consequences of conviction for the charge to

8    which each defendant proposes to plead guilty.  As your case

9    is called please listen carefully.

10          And, again, you may group these if they are similar

11   in nature.

12          *MR. SMITH:*  The penalties are the same for

13   Mr. Galarza, Mr. Ashton, Mr. Minor.  And they are as follows:

14   $5 million fine, not less than five years nor more than 40

15   years imprisonment, plus a term of supervised release not less

16   than four years.

17          If the defendant violates any condition of

18   supervised release, the Court may revoke such term and require

19   the defendant to serve an additional period of confinement.

20          And a special assessment of $100.

21          *THE COURT:*  All right.  And to those defendants, do

22   you understand that if you plead guilty you may be subject to

23   the penalties and the consequences just explained?

24          Mr. Galarza?

25          *DEFENDANT GALARZA:*  Yes, sir.

1          *THE COURT:*  Mr. Ashton?

2          *DEFENDANT ASHTON:*  Yes, Your Honor.

3          *THE COURT:*  Mr. Minor?

4          *DEFENDANT MINOR:*  Yes, sir.

5          *THE COURT:*  Thank you.

6          *MR. SMITH:*  For Mr. Miramontes and Mr. Alexander,

7  they're the same.

8          And they're as follows:  $1 million fine, not more

9  than 20 years imprisonment, plus a term of supervised release

10 not less than three years.

11         If the defendant violates any condition of

12 supervised release, the Court may revoke such a term and

13 require the defendant to serve an additional period of

14 confinement.

15         And special assessment of $100.

16         *THE COURT:*  And you said that was Mr. Miramontes and

17 Mr. Alexander?

18         *MR. SMITH:*  Yes.  Yes, Your Honor.

19         *THE COURT:*  Let me ask those defendants, do you

20 understand that if you plead guilty you may be subject to

21 those penalties and consequences just explained?

22         Mr. Alexander?

23         *DEFENDANT ALEXANDER:*  Yes, Your Honor.

24         *THE COURT:*  And Mr. Miramontes?

25         *DEFENDANT MIRAMONTES:*  Yes, sir.

1          *MR. SMITH:*  For Mr. Aguilar-Castenada:  A $500,000

2     fine or twice the value of the property involved in the

3     transaction, whichever is greater, not more than 20 years

4     imprisonment, plus a term of supervised release of not more

5     than three years.

6          If the defendant violates any condition of

7     supervised release, the Court may revoke such term and require

8     the defendant to serve an additional period of confinement.

9          And a $100 special assessment.

10          *THE COURT:*  Mr. Aguilar, do you understand that if

11     you plead guilty you may be subject to those penalties and

12     consequences just explained?

13          *DEFENDANT AGUILAR:*  Yes, sir.

14          *THE COURT:*  Thank you.

15          *MR. SMITH:*  As to Mr. Rahimi:  Imprisonment for a

16     period not to exceed ten years, a fine not to exceed $250,000

17     or both fine and imprisonment, a term of supervised release

18     not to exceed three years, which may be mandatory under the

19     law and follow any term of imprisonment.

20          If the defendant violates any condition of

21     supervised release, the Court may revoke such term and require

22     the defendant to serve an additional period of confinement.

23          And $100 special assessment.

24          *THE COURT:*  Mr. Rahimi, do you understand that if

25     you plead guilty you may be subject to those penalties and

1    consequences just explained?

2              *DEFENDANT RAHIMI:*  Yes, sir.

3              *THE COURT:*  In the plea agreements -- well, let me

4    ask this first to each defendant.  You understand that if the

5    sentence you receive is more severe than you expect, you'll

6    still by bound by your plea of guilty and you'll have no right

7    to withdraw it?

8              Do you understand, Mr. Galarza?

9              *DEFENDANT GALARZA:*  Yes, sir.

10             *THE COURT:*  Mr. Aguilar?

11             *DEFENDANT AGUILAR:*  Yes, sir.

12             *THE COURT:*  Mr. Rahimi?

13             *DEFENDANT RAHIMI:*  Yes, sir.

14             *THE COURT:*  Mr. Alexander?

15             *DEFENDANT ALEXANDER:*  Yes, Your Honor.

16             *THE COURT:*  Mr. Miramontes?

17             *DEFENDANT MIRAMONTES:*  Yes, sir.

18             *THE COURT:*  Mr. Ashton?

19             *DEFENDANT ASHTON:*  Yes, Your Honor.

20             *THE COURT:*  And Mr. Minor?

21             *DEFENDANT MINOR:*  Yes, sir.

22             *THE COURT:*  Now, in each of the plea agreements that

23   I went over, there is language that the Government either

24   makes a promise to dismiss other charges at sentencing or not

25   to bring additional charges, or in the case of Mr. Aguilar,

1   there's a binding recommendation as to whether a certain

2   sentence or factors would be appropriate in that case.  The

3   Court must decide whether to accept each of the plea

4   agreements.

5            Mr. Aguilar, if the District Judge were to reject

6   your plea agreement on the basis of the binding

7   recommendation, you would then have a right to withdraw your

8   guilty plea and change it to not guilty.

9            But as to all plea agreements, if the Court were to

10  decide to reject the plea agreement -- well, the same is true

11  if the Court were to reject the plea agreement based on the

12  Government's promises to dismiss other charges and not bring

13  any, you would then have the right to withdraw your guilty

14  plea and change it to not guilty.

15           All right.  With that being said, let me ask, does

16  any defendant have any questions for your attorney or for

17  myself about anything that we've talked about up to this

18  point?

19           Mr. Galarza?

20           *DEFENDANT GALARZA:*  No, sir.

21           *THE COURT:*  Mr. Aguilar?

22           *DEFENDANT AGUILAR:*  No, sir.

23           *THE COURT:*  Mr. Rahimi?

24           *DEFENDANT RAHIMI:*  No, sir.

25           *THE COURT:*  Mr. Alexander?

1           *DEFENDANT ALEXANDER:*  No, Your Honor.

2           *THE COURT:*  Mr. Miramontes?

3           *DEFENDANT MIRAMONTES:*  No, Your Honor.

4           *THE COURT:*  Mr. Ashton?

5           *DEFENDANT ASHTON:*  No, sir.

6           *THE COURT:*  Mr. Minor?

7           *DEFENDANT MINOR:*  No, sir.

8           *THE COURT:*  Very well.  Then having heard all of the

9    forgoing, I now ask, how do you plead to the one-count

10   information against you, Mr. Galarza, guilty or not guilty?

11          *DEFENDANT GALARZA:*  Guilty.

12          *THE COURT:*  And how do you plead to the one-count

13   superseding indictment in your case, Mr. Aguilar, guilty or

14   not guilty?

15          *DEFENDANT AGUILAR:*  Guilty.

16          *THE COURT:*  How do you plead to the one-count

17   indictment against you, Mr. Rahimi, guilty or not guilty?

18          *DEFENDANT RAHIMI:*  Guilty, Your Honor.

19          *THE COURT:*  How do you plead to the one-count

20   indictment against you, Mr. Alexander, guilty or not guilty?

21          *DEFENDANT ALEXANDER:*  Guilty.

22          *THE COURT:*  I understand Mr. Miramontes is pleading

23   to Count 3 of the three-count indictment only.  So, let me ask

24   you, Mr. Miramontes, how do you plead to Count 3 of that

25   indictment, guilty or not guilty?

1              *DEFENDANT MIRAMONTES:*  Guilty.

2              *THE COURT:*  How do you plead to the one-count

3    information against you, Mr. Ashton, guilty or not guilty?

4              *DEFENDANT ASHTON:*  Guilty.

5              *THE COURT:*  And how do you plead to your one-count

6    information, Mr. Minor, guilty or not guilty?

7              *DEFENDANT MINOR:*  Guilty.

8              *THE COURT:*  I will accept each of the guilty pleas

9    on the condition there's a factual basis to support such a

10   plea.

11             Also, I do need to ask each defense counsel, is the

12   guilty plea of your client consistent with your advice?

13             Mr. Linder?

14             *MR. LINDER:*  Yes, sir, it is.

15             *THE COURT:*  Mr. -- or Ms. Carreras?

16             *MS. CARRERAS:*  Yes, Your Honor.

17             *THE COURT:*  Ms. Taft?

18             *MS. TAFT:*  It is, Your Honor.

19             *THE COURT:*  Mr. Graham?

20             *MR. GRAHAM:*  Yes, Your Honor.

21             *THE COURT:*  Mr. Davis?

22             *MR. DAVIS:*  Yes, Your Honor.

23             *THE COURT:*  Mr. White?

24             *MR. WHITE:*  Yes, Your Honor.

25             *THE COURT:*  And Mr. Greene?

1          *MR. GREENE:*  Yes, Your Honor.

2          *THE COURT:*  So, in Federal court the way we decide

3    whether there's a factual basis for a plea is a document

4    entitled a factual resume.  I have been provided factual

5    resumes in each of the cases before the Court, and these

6    factual resumes appear to be signed by each defendant and his

7    counsel.

8          Is it your signature that appears on your factual

9    resume, Mr. Galarza?

10         *DEFENDANT GALARZA:*  Yes, sir.

11         *THE COURT:*  Mr. Aguilar?

12         *DEFENDANT AGUILAR:*  Yes, sir.

13         *THE COURT:*  Mr. Rahimi?

14         *DEFENDANT RAHIMI:*  Yes, sir.

15         *THE COURT:*  Mr. Alexander?

16         *DEFENDANT ALEXANDER:*  Yes, Your Honor.

17         *THE COURT:*  Mr. Miramontes?

18         *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

19         *THE COURT:*  And in your factual resume,

20   Mr. Miramontes, there's a couple of small changes.  At the

21   bottom of page 1, name correction it appears, and on page 2,

22   some -- some things have been changed in the second to last

23   paragraph.

24         Do you have a copy in front of you?

25         *DEFENDANT MIRAMONTES:*  Yeah.

1          *THE COURT:*  Okay.  Do you agree with those changes

2     that were made?

3          *DEFENDANT MIRAMONTES:*  Yes, Your Honor.

4          *THE COURT:*  Very well.

5          *MR. DAVIS:*  Your Honor?

6          *THE COURT:*  Yes?

7          *MR. DAVIS:*  I apologize.  If I might also point out,

8     for purposes of the record, on the factual resume for

9     Mr. Miramontes, as well as for the plea agreement, in the

10    style of the case it's listed as Joel Manuel Miramontes, and

11    his name is Jose Manuel Miramontes.  The indictment is

12    correct, but for the purposes of the record I'll just point

13    that out.

14         *THE COURT:*  Okay.  So, the factual resume and the

15    plea agreement have that style incorrect?

16         *MR. DAVIS:*  Yes, Your Honor.

17         *THE COURT:*  Okay.  I have the originals before me,

18    and with the permission of counsel and the Government and the

19    defense I'm going to mark through the name Joel and put Jose

20    on each in blue ink.

21         Any objection?

22         *MR. SMITH:*  No, Your Honor.

23         *MR. DAVIS:*  No objection.

24         *THE COURT:*  All right.  So that correction is noted

25    and will be on the original that's on file.

```
1                    MR. DAVIS:  Thank you.

2                    THE COURT:  Thank you.

3                    And then, is it your signature on your factual

4     resume, Mr. Ashton?

5                    DEFENDANT ASHTON:  Yes, Your Honor.

6                    THE COURT:  And on yours, Mr. Minor?

7                    DEFENDANT MINOR:  Yes, sir.

8                    THE COURT:  All right.  Have each of you read or had

9     read to you your factual resume, and do you fully understand

10    this document in your case?

11                   Mr. Galarza?

12                   DEFENDANT GALARZA:  Yes, sir.

13                   THE COURT:  Mr. Aguilar?

14                   DEFENDANT AGUILAR:  Yes, sir.

15                   THE COURT:  Mr. Rahimi?

16                   DEFENDANT RAHIMI:  Yes, sir.

17                   THE COURT:  Mr. Alexander?

18                   DEFENDANT ALEXANDER:  Yes, Your Honor.

19                   THE COURT:  Mr. Miramontes?

20                   DEFENDANT MIRAMONTES:  Yes, Your Honor.

21                   THE COURT:  Mr. Ashton?

22                   DEFENDANT ASHTON:  Yes, Your Honor.

23                   THE COURT:  And Mr. Minor?

24                   DEFENDANT MINOR:  Yes, sir.

25                   THE COURT:  Are the facts that are stated in your
```

```
 1   factual resume true and correct?

 2           Mr. Galarza?

 3           DEFENDANT GALARZA:  Yes, sir.

 4           THE COURT:  Mr. Aguilar?

 5           DEFENDANT AGUILAR:  Yes, sir.

 6           THE COURT:  Mr. Rahimi?

 7           DEFENDANT RAHIMI:  Yes, sir.

 8           THE COURT:  Mr. Alexander?

 9           DEFENDANT ALEXANDER:  Yes, Your Honor.

10           THE COURT:  Mr. Miramontes?

11           DEFENDANT MIRAMONTES:  Yes, sir.

12           THE COURT:  Mr. Ashton?

13           DEFENDANT ASHTON:  Yes, Your Honor.

14           THE COURT:  And Mr. Minor?

15           DEFENDANT MINOR:  Yes, sir.

16           THE COURT:  And to defense counsel, are the facts

17   that are set forth in your client's factual resume consistent

18   with the true facts as you understand them from your

19   investigation?

20           Mr. Linder?

21           MR. LINDER:  Yes, Your Honor, they are.

22           THE COURT:  Ms. Carreras?

23           MS. CARRERAS:  They are, Your Honor.

24           THE COURT:  Ms. Taft?

25           MS. TAFT:  Yes, Your Honor.
```

```
 1              THE COURT:  Mr. Davis -- I'm sorry, Mr. Graham?

 2              MR. GRAHAM:  Yes, Your Honor.

 3              THE COURT:  Mr. Davis?

 4              MR. DAVIS:  Yes, Your Honor.

 5              THE COURT:  Mr. White?

 6              MR. WHITE:  Yes, Your Honor.

 7              THE COURT:  Mr. Greene?

 8              MR. GREENE:  Yes, Your Honor.

 9              THE COURT:  It will be appropriate at this time for

10     the United States Attorney to read the stipulated facts

11     portion of each factual resume; however, based on the answers

12     I received from defendant and counsel regarding those facts,

13     as a timesaving matter I will allow to you waive the reading

14     of your facts here in open court.

15              Do you wish to waive that reading, Mr. Galarza?

16              DEFENDANT GALARZA:  Yes, sir.

17              THE COURT:  Mr. Aguilar?

18              DEFENDANT AGUILAR:  Yes, sir.

19              THE COURT:  Mr. Rahimi?

20              DEFENDANT RAHIMI:  Yes, sir.

21              THE COURT:  Mr. Alexander?

22              DEFENDANT ALEXANDER:  Yes, Your Honor.

23              THE COURT:  Mr. Miramontes?

24              DEFENDANT MIRAMONTES:  Yes, Your Honor.

25              THE COURT:  Mr. Ashton?
```

1    *DEFENDANT ASHTON:*  Yes, sir.

2    *THE COURT:*  Mr. Minor?

3    *DEFENDANT MINOR:*  Yes, sir.

4    *THE COURT:*  All right.  I will not require the facts

5    to be read in each case.  I will order the filing of each of

6    your factual resumes to the extent they're not already on

7    file.

8         The Court being satisfied with the responses given

9    during this hearing finds that each defendant is fully

10   competent and capable of entering an informed plea, and that

11   his plea of guilty to the charge against him is a knowing and

12   voluntary plea supported by an independent basis in fact

13   containing each of the those essential elements of the offense

14   charged against the defendant.

15        I hereby accept each of your pleas of guilty and I

16   pronounce you guilty of the offense to which you have pled.

17        As I indicated earlier in the proceeding, a

18   presentence report will be prepared to assist the District

19   Court in sentencing.  You will be asked to give information

20   for that report, and your degree of cooperation could be a

21   factor in the severity of the sentence you receive.

22        Your attorney is ordered to be present at your

23   interview having a recent familiarity with the sentencing

24   guideline, and specifically Section 3E1.1 application note

25   1(a), which deals with acceptance of responsibility.  You and

1    your counsel will be provided a copy of the presentence report

2    well in advance of the date of your sentencing, and you'll

3    have an opportunity to make comments on it or any objections

4    to it.

5            Because I have conducted this hearing rather than

6    the District Judge in your case, I am making a written report

7    to your judge telling him what you have said and done here

8    today and what I have found.

9            I also tell you that if you or your attorney have

10   any objections to anything that I have said or done or to the

11   written report itself, those objections must be filed within

12   14 days from the date of this hearing.

13           My clerk will deliver the presentence referral form

14   to the probation office.  A copy of that form has been

15   provided to each defense counsel.  And I simply remind counsel

16   of your responsibility to contact the probation office as soon

17   as practicable for further instruction regarding the

18   presentence investigation.

19           Defendants Galarza and Aguilar, you are scheduled to

20   be sentenced on September 2, 2021, at 9:00 a.m. before the

21   Honorable Judge Mark Pittman.  And that will be in the fourth

22   floor courtroom.

23           Mr. Rahimi and Mr. Alexander, you're also before

24   Judge Pittman, your dates are September 23, 2021, at 9:00 a.m.

25   in that fourth floor courtroom.

1              Mr. Miramontes and Mr. Ashton, you are each

2      scheduled to be sentenced on October 12th, 2021, at 10:00 a.m.

3      before the Honorable Judge Terry R. Means in the fifth floor

4      courtroom of our courthouse.

5              And then finally, Mr. Minor, you are scheduled to be

6      sentenced on September 14, 2021, at 9:00 a.m. before the

7      Honorable Judge Reed O'Connor in this courtroom, sir.

8              *MR. GREENE:*  Judge, out of curiosity, I have

9      September 10th on the document I'm looking at.

10             *THE COURT:*  Oh, I'm sorry.  I may have that date

11     wrong.

12             *COURTROOM DEPUTY:*  What is that?

13             *THE COURT:*  This is for Mr. Minor?

14             *MR. GREENE:*  Yes.

15             *COURTROOM DEPUTY:*  I didn't prepare that, somebody

16     else did.  It should be the 14th.

17             *MR. GREENE:*  Okay.

18             *THE COURT:*  There will be an order from each

19     District Judge of the sentencing schedule as well, but that's

20     the information I have at this time.

21             Is there any need to reconsider the custodial status

22     of Mr. Galarza, from the Government?

23             *MR. SMITH:*  No, Your Honor.

24             *THE COURT:*  Then I'll find by clear and convincing

25     evidence that Mr. Galarza will not present a risk of flight or

1    nonappearance or a danger to our community if I allow him to

2    remain out on conditions.  I do have a report that you are in

3    full compliance with those conditions of release, so,

4    obviously, you need to keep that up.

5              *MR. LINDER:*  Thank you, Your Honor.

6              *THE COURT:*  Thank you.

7              So, Mr. Galarza will be released on his conditions

8    at this time.

9              I must remand the remaining defendants to the

10   custody of the marshals pending your further proceeding.

11             I wish all of you good luck as you go forward on

12   your cases.

13             The defendants are remanded and released as

14   indicated and the attorneys are excused.

15                  *(Proceedings Adjourned)*

16

17

18

19

20

21

22

23

24

25

1                    REPORTER'S CERTIFICATE

2

3          I, Monica Willenburg Guzman, CSR, RPR, certify

4    that the foregoing is a true and correct transcript from

5    the record of proceedings in the foregoing entitled matter.

6          Further, the proceedings were held during the

7    COVID-19 Pandemic and some parties, including witnesses, were

8    speaking while wearing masks.

9          I further certify that the transcript fees format

10   comply with those prescribed by the Court and the Judicial

11   Conference of the United States.

12         Signed this 13th day of November, 2021.

13

14                              /s/Monica Willenburg Guzman
                                Monica Willenburg Guzman, CSR, RPR
15                              Texas CSR No. 3386
                                Official Court Reporter
16                              The Northern District of Texas
                                Fort Worth Division
17

18   CSR Expires:        7/31/2023

19   Business Address:   501 W. 10th Street, Room 310
                         Fort Worth, Texas   76102
20
     Telephone:          817.850.6681
21
     E-Mail Address:     mguzman.csr@yahoo.com
22

23

24

25