IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZACKEY RAHIMI (01) | No. 4:21-CR-83-P |

### UNITED STATES' UNOPPOSED
### MOTION FOR FINAL ORDER OF FORFEITURE

Under Fed. R. Crim. P. 32.2(c), the government respectfully asks the Court to enter a Final Order of Forfeiture, and in support states:

1. On August 31, 2021, under 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, this Court entered a preliminary forfeiture order forfeiting the following property to the United States:

    a. Glock, model 21 Gen 4, .45 caliber pistol, bearing serial number YBX386;
    b. Century Arms, model C308 Sporter, .308 caliber rifle, bearing serial number C308E32588;
    c. Zastava PAP M92 PV, 762 caliber pistol, bearing serial number M92PV060567; and
    d. any associated ammunition recovered with the firearms

("Subject Property"). Under Rule 32.2(b)(4)(A), this order became final as to the defendant at the defendant's sentencing on September 23, 2021 (Dkt. 45). However, since the Court's order forfeited specific property, "it remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c)."

2. The defendant has not appealed the Preliminary Order of Forfeiture.

3. Before the Court can enter a final order of forfeiture, under 21 U.S.C. §

853(n)(1) and Fed. R. Crim. P. 32.2(b)(6)(A) the government must publish notice of the forfeiture and send notice to any person who reasonably appears to be a potential claimant to property. The government has complied with these requirements.

4. Beginning on September 2, 2021, and continuing for at least 30 consecutive days, the government published notice of the criminal forfeiture on an official government internet site. Dkt. 53.

5. The government did not send direct notice to any persons or entities because it did not identify any who appeared to be a potential claimant to the property ordered forfeit in the Preliminary Order of Forfeiture.

6. Under 21 U.S.C. § 853(n)(2), no later than 60 days after the first day of publication on the government website or 30 days after receipt of notice of the forfeiture (whichever is earlier), any person asserting a legal interest in the property could petition the Court for a hearing to adjudicate the validity of his or her interest in the Subject Property. No third-party petitions have been filed within the prescribed deadlines.

7. On September 27, 2021, the Court entered its judgment. Dkt. 48. The government has not appealed the judgment so under Fed. R. App. P. 4, the defendant had 14 days from the judgment's entry to file a notice of appeal. The defendant has appealed the judgment but has not obtained a stay of the forfeiture under Fed. R. Crim. P. 32.2(d).

WHEREFORE, the government respectfully asks the Court to enter a Final Order of Forfeiture.

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

*/s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney
Texas Bar No. 24062396
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:    817-252-5455
Email: frank.gatto@usdoj.gov

## CERTIFICATE OF CONFERENCE

As the defendant has already forfeited his interest in the property, there was no need for a conference with the defendant's counsel.  No third parties have filed timely petitions.

*/s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on June 21, 2022, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

*/s/ Frank L. Gatto*
FRANK L. GATTO
Assistant United States Attorney